# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARK HOLICK, )
 )
        Plaintiff, )
 )
v. ) Case No. 16-1188-JTM-KGG
 )
JULIE A. BURKHART, )
 )
        Defendant. )
_____ )

## MEMORANDUM & ORDER ON
## MOTION FOR PROTECTIVE ORDER

Currently pending before the Court is Defendant's Motion for Protective Order, which would prohibit Plaintiff from deposing Defendant in this case. For the reasons stated herein, Defendant's motion is **DENIED**.

## BACKGROUND

In 2013, Defendant received a temporary order of protection from stalking against Plaintiff in Kansas state court (state court action). It is uncontroverted that Plaintiff's attorney deposed Defendant in the state court action. Plaintiff brings the present matter alleging malicious prosecution, abuse of process, and defamation relating to the allegations levied against him in the state court action. (*See generally*, Doc. 1.)

## DISCUSSION

Fed.R.Civ.P. 26(c) provides that a court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking a protective order bears the burden of establishing good cause for the order. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 543 (D. Kan. 2003). "To establish good cause, [the] party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Day v. Sebelius, 227 F.R.D. 668, 677 (D. Kan. 2005) (citation omitted).

Defendant seeks an order prohibiting Plaintiff from deposing her in this case, arguing that

> [b]ecause Defendant was exhaustively deposed in the State Action about the facts potentially relevant to [Plaintiff's] claims, a second deposition of [Defendant] would serve no purpose other than to annoy and harass her. A protective order should be entered preventing [Plaintiff] from re-deposing [Defendant].

(Doc. 36, sealed, at 8.) Defendant cites no applicable case law to support this request.[1] The few cases cited by Defendant involve instances where a party is

---

[1] Defendant also relies on Fed.R.Civ.P. 26(b)(2)(C) and (c)(1), which allow the Court to enter a protective order altering discovery that is "unreasonably cumulative or duplicative."

attempting to depose someone a second time in the same case. *See e.g.*, ***TBG Inc. v. Bendis***, 89-2423-EEO, 1993 WL 831305, at *1 (D. Kan. Feb. 13, 1993); ***Sentry Ins. v. Shivers***, 164 F.R.D. 255, (D. Kan. 1996). Another cited case involves a party's attempt to notice depositions of additional 30(b)(6) corporate representatives. These cases are clearly distinguishable from the situation presented to the Court herein.

Plaintiff argues that he should be allowed to depose Plaintiff in the present action.

> The two matters involve separate and distinct claims. The state court case involved false allegations of stalking in [Defendant's] petition for a protection from stalking order (PFS). That action provided the underlying basis for this case. This federal matter brings common law tort claims for malicious prosecution, abuse of process, and defamation. Each of those causes of action involve distinct elements never at issue in the state action.    . . .
>
> The deposition of [Defendant] in the state stalking matter occurred over three years ago. The specific elements of plaintiff's claims in this case were not addressed in that deposition. At that time, [Plaintiff's] counsel did not predict this federal case and the claims and elements herein.

(Doc. 41, sealed, at 1.) The Court agrees with Plaintiff. Defendant has failed to establish good cause for the requested Protective Order prohibiting Plaintiff from deposing Defendant in the present matter for the first time. Defendant's motion is,

therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 36, sealed) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2017, at Wichita, Kansas.

                                        S/ KENNETH G. GALE
                                        HON. KENNETH G. GALE
                                        U.S. MAGISTRATE JUDGE