IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HOLICK, )
)
       Plaintiff, )
)
v. ) Case No. 16-1188-JTM-KGG
)
JULIE A. BURKHART, )
)
       Defendant. )
_____ )

## MEMORANDUM & ORDER ON
## MOTION TO UNSEAL

Currently pending before the Court is Plaintiff's Motion to Unseal (Doc. 39) Defendant's "Motion to File Under Seal" and its exhibits (Doc. 36). For the reasons stated herein, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

In 2013, Defendant received a temporary order of protection from stalking against Plaintiff in Kansas state court (state court action). Defendant's deposition was taken in the state court action. Also, a Protective Order was entered in the state court action, which is the subject of some disagreement by the parties (discussed *infra*). Plaintiff brings the present federal court matter against Plaintiff

alleging malicious prosecution, abuse of process, and defamation relating to the allegations levied against him in the state court action. (*See generally*, Doc. 1.) Plaintiff recently withdrew his claim for defamation. (Docs. 66, 77 (text entry).)

## ANALYSIS

Defendant filed a sealed Motion for Leave to File Under Seal (Doc. 32) that was granted by the Court via text entry. (*See* Doc. 35, May 30, 2017, text entry.) Plaintiff now moves for an Order unsealing the Motion to File Under Seal and its exhibits, one of which is Defendant's deposition transcript from the underlying state court case. Plaintiff argues that there is a presumption against sealing, the document at issue is central to determination of the case, and that Defendant failed to make the requisite showing of particularized harm to seal of documents. (*See* Doc. 39.)

A protective order entered in the state court case that allowed the parties to designate documents as "confidential." Plaintiff contends the state court protective order was entered by the judge *ex parte* without Plaintiff having an opportunity to be heard on the issues there. (*Id.*, at 15.) Plaintiff also argues that the state court protective order was "never activated" by Defendant and that Defendant never designated her deposition transcript as confidential in the state court case. (*Id.*, at 13-14.) Regardless, Plaintiff argues that this Court is not bound by a protective

order from a state court action. (*Id*., at 16.)

Defendant responds that Plaintiff's motion is "procedurally deficient" because her underlying motion to seal has already been granted and Plaintiff has not moved for reconsideration of the ruling. (Doc. 46, at 3.) As to substantive arguments, Defendant argues that the deposition transcript is subject to the state court protective order. (*Id*., at 5.) She also argues that pretrial depositions are not "public components of a civil trial" and are "conducted in private as a matter of modern practice." (*Id*., at 8.) As such, she contends that the public access/open courts aspect is not considered a "restriction on a traditionally public source of information." (*Id*.)

Because the Court granted the motion to seal without an opportunity for Plaintiff to respond to the motion, the Court considers the present motion an timely-filed motion for reconsideration. The Court agrees that the Tenth Circuit recognizes a strong presumption against sealing judicial documents.

> 'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.' *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007). Thus, the presumption in favor of access to judicial records may be overcome where 'countervailing interests heavily outweigh the public interests in access.' *Id*. (internal quotation marks omitted). The burden is on the party seeking to restrict access to show 'some significant interest that outweighs the presumption.' *Id*. (internal quotation marks omitted).

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). The Court also generally agrees that evidence submitted for the substantive resolution of a matter carries a "strong presumption of access." *Id.*, at 1242 (citing ***Logusch v. Pyramid Co. of Onandaga***, 435 F.3d 110, 121 (2nd Cir. 2006)). Regardless of any use in the underlying state court action, the deposition in question was merely offered in the present federal court litigation in support of Defendant's unsuccessful procedural motion to stop Plaintiff from deposing Defendant.

Plaintiff implicitly concedes that some portions of the filed and sealed deposition – the portions that Plaintiff offers to redact – should remain sealed. (*See* Doc. 53, at 7.) The version of the deposition that is the subject of this motion includes those sections, so that version should remain sealed. Plaintiff's motion is, thus, **DENIED**, as to the deposition transcript (Doc. 36-1, sealed).

The Court states that Plaintiff's motion is denied as to the present filing only. This ruling does not constitute a ruling that substantive portions of the deposition filed in support of subsequent dispositive motions or at the ultimate trial of this matter must necessarily be filed under seal. Such issues, if raised, will be determined by the Judge presiding over such a motion or presiding over the trial. Because the Court is not fully resolving the present disagreement, both parties are instructed to refrain from file this document openly in the Court without an

agreement to do so or permission from the Court.

There is, however, no argument by Defendant that the underlying motion (Doc. 36) and other documents filed under seal should have been filed under seal. To the contrary, Defendant's response in opposition discusses only the deposition transcript. (*See generally* Doc. 46.) As such, the Clerk is directed to unseal Document 36 and all exhibits other than the deposition (Doc. 36-1, sealed).

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 39, sealed) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2017, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE