# Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK HOLICK,             )
                                 )
            Plaintiff,    )
                                 )       No. 16-cv-1188-JTM-KGG
v.                          )
                                 )
JULIE BURKHART,     )
                                 )
           Defendant.  )
_____)

## DEFENDANT JULIE BURKHART'S RESPONSES
## TO PLAINTIFF'S SECOND REQUESTS FOR THE
## PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Civil Rule 26.3, Defendant Julie Burkhart hereby responds to Plaintiff's Second Requests for the Production of Documents ("the Requests"), as follows.

### RECURRING OBJECTIONS

1.  Ms. Burkhart objects to the Requests to the extent that they seek to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules, any Order of the Court, or any other applicable law, rule, or order.

2.  Ms. Burkhart objects to the Requests to the extent that they seek the disclosure of documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Documents withheld on these grounds will be identified in an appropriate privilege log. If privileged documents are inadvertently produced, Ms. Burkhart does not waive or intend to waive any privilege pertaining to such material or to any other information. Ms. Burkhart reserves the

1

right to recall from discovery any inadvertently produced document that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, and notes that the protective order governing this case addresses such inadvertent production.

3. Ms. Burkhart objects to the Requests to the extent that they call for the production of documents equally accessible to Plaintiff, such as internet content or other publicly accessible materials. Accordingly, unless expressly stated otherwise, Ms. Burkhart's searches and document production will not include such documents.

4. Ms. Burkhart objects to Instruction 14, and to any Definition, Instruction, or Request that incorporates these Definitions, to the extent that it purports to impose any obligation to produce documents prior to January 1, 2007. For purposes of responding to these Requests, unless otherwise noted, Ms. Burkhart will apply the time period of January 1, 2007 to present ("the Relevant Time Period").

5. Ms. Burkhart's objections are made to the best of her knowledge, information, and belief. Ms. Burkhart reserves the right to revise, correct, clarify, supplement, or amend the objections set forth herein.

6. Ms. Burkhart's Recurring Objections apply to each of Plaintiff's Requests and are hereby incorporated into each of Ms. Burkhart's Specific Objections set forth below. Ms. Burkhart's Specific Objections may repeat or restate a Recurring Objection for emphasis or some other reason. The failure to repeat or restate a Recurring Objection in Ms. Burkhart's Specific Objections is not intended as a waiver of any Recurring Objection.

2

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications by and between You and any Person Concerning Defendant's Petition for Protection From Stalking Order, (a) before You filed Your Petition for Protection From Stalking Order in state court; and (b) after You filed that Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request to the extent that it seeks documents equally accessible to Plaintiff, including publicly available state court records.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Plaintiff, including the state-court record.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to the Petition for Protection of Stalking Order filed in *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013), to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications by and between You and any Person pertaining to or concerning the prosecuting or continuing of the related state lawsuit, *Burkhart*

*v. Holick*, Case No. 113-DM-1453 (a) before you filed that case, and (b) after you filed the case, up to the present. Documents filed with the court in that case or in this case need not be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 2 to the extent that it is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. In particular, Ms. Burkhart objects to this Request on the basis that documents concerning the prosecution or continuation of *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013) that were created after the termination of that action are irrelevant to the claims and defenses in this case. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request to the extent that it seeks documents equally accessible to Plaintiff, including discovery materials and deposition transcripts accessible to both parties but never filed with the state court in *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013).

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce documents that are equally accessible to Plaintiff, including discovery exchanged in *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013) but never filed with the court. Ms. Burkhart will also not search for or produce

documents created after the termination of *Burkhart v. Holick*, No. 113-DM-1453 (Kan Dist. Ct. 2013).

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013), to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications by and between You and any Person pertaining to or concerning any contact, interaction, or relationship between Plaintiff and Defendant prior to the Date of filing of Defendant's Petition for Protection From Stalking Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 3 to the extent that it is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. Ms. Burkhart also objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of these objections, Ms. Burkhart refers Plaintiff to Ms. Burkhart's Response to Plaintiff's Request for Admission No. 1, as served on August 29, 2017.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications by and between You and any Person pertaining to or concerning any contact, interaction, or relationship between Plaintiff and Defendant after the Date of filing of Defendant's Petition for Protection From Stalking Order, including any Documents and Communications concerning any efforts to prosecute Mark Holick for any alleged violation of any protection from stalking order or any other order, statute, law suit, or legal action against Mark Holick contemplated by Defendant or any other Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 4 on the basis that the Request for "all" documents related to "any . . . [contemplated] legal action against Mark Holick" is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. Ms. Burkhart further objects that the Request is overbroad and seeks documents that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses to the extent that the Request seeks documents created after the termination of the State Action. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce documents created after the termination of *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013).

Subject to and without waiver of these objections, Ms. Burkhart refers Plaintiff to documents produced in connection with Ms. Burkhart's Rule 26 disclosures. Ms.

6

Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents that pertain to enforcement of the Protection From Stalking Order dated between the filing and termination of *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013), to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications by and between You and any Person pertaining to or concerning any contact, interaction, protest, or relationship between Defendant and Spirit One before the Date of filing of Defendant's Petition for Protection From Stalking Order, including any Documents or Communications concerning any efforts to prosecute Spirit One for any alleged violation of any protection from stalking order or any other order, statute, law suit, or legal action against Spirit One contemplated by Defendant or any other Person or entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 5 on the basis that the Request for "all" documents related to "any . . . [contemplated] legal action against Spirit One" is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. Ms. Burkhart also objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Responsive Time Period that pertain to contact between Ms. Burkhart and

7

Spirit One before the filing of *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013), to the extent that such documents exist and have not already been produced, including in conjunction with Ms. Burkhart's Rule 26 disclosures.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications by and between You and any Person pertaining to or concerning any contact, interaction, protest, or relationship between Defendant and Spirit One after the Date of filing of Defendant's Petition for Protection From Stalking Order, including any Documents or Communications concerning any efforts to prosecute Spirit One for any alleged violation of any protection from stalking order or any other order, statute, law suit, or legal action against Spirit One contemplated by any Person or entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 6 on the basis that the Request for "all" documents related to "any . . . [contemplated] legal action against Spirit One" is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. Ms. Burkhart further objects that the Request is overbroad and seeks documents that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses to the extent the Request seeks documents created after the termination of the State Action. Ms. Burkhart also objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of these objections, Ms. Burkhart states that she has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications pertaining to or concerning any contact, interaction, protest, or relationship between Plaintiff and South Wind Women's Center or its employees (a) before You filed Your Petition for Protection From Stalking Order in state court; and (b) after You filed that Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 7 on the basis that the request for "all" documents related to "any contact" between Mr. Holick and South Wind Women's Center or its employees is overbroad and seeks documents and communications that are not reasonably and proportionately tailored to the parties' claims and defenses. Ms. Burkhart further objects that the Request is overbroad and seeks documents that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses to the extent the Request seeks documents created after the termination of the State Action. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce documents created after the termination of *Burkhart v. Holick*, Case No. 113-DM-1453.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to actions or communications by Mr. Holick directed at South Wind Women's Center or its employees, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications pertaining to or concerning any contact, interaction, protest, or relationship between Plaintiff and Dr. George Tiller, and/or Women's Health Care Services (Dr. Tiller's clinic) and their respective employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 8 to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart further objects to this request to the extent that it purports to create an obligation for Ms. Burkhart to produce documents related to Mr. Holick's interactions with third-parties over which Ms. Burkhart lacks possession, custody, and control, and which may be more easily obtained from another source, including Mr. Holick himself.

Subject to and without waiver of these objections, to the extent that any such documents are within her possession, custody, and control, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to actions or communications by Mr. Holick directed at Dr. George Tiller and/or Women's Health

Care Services and its employees, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications pertaining to or concerning any contact, interaction, protest, or relationship between Spirit One and Dr. George Tiller, and/or Women's Health Care Services (Dr. Tiller's clinic) and their employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 9 to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart further objects to this request to the extent that it purports to create an obligation for Ms. Burkhart to produce documents related to Spirit One's interactions with third-parties over which Ms. Burkhart lacks possession, custody, and control, and which may be more easily obtained from another source, including Spirit One directly.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to actions or communications by Spirit One directed at Dr. George Tiller, or Women's Health Care Services and its employees, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications pertaining to or concerning any contact, interaction, protest, or relationship between Mark Holick and ProKanDo or Trust

Women and/or their staff (a) before You filed Your Petition for Protection From Stalking Order in state court; and (b) after You filed that Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 10 on the basis that the request for "all" documents related to "any contact" between Mr. Holick and ProKanDo and its employees or Trust Women and its employees is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. Ms. Burkhart further objects that the Request is overbroad and seeks documents that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses to the extent the Request seeks documents created after the termination of the State Action. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart further objects to this request to the extent that it purports to create an obligation for Ms. Burkhart to produce documents related to Mr. Holick's interactions with third-parties over which Ms. Burkhart lacks possession, custody, and control, and which may be more easily obtained from another source, including Mr. Holick himself.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce documents created after the termination of *Burkhart v. Holick*, Case No. 113-DM-1453.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to actions or communications by Mr. Holick directed at ProKanDo, Trust Women, or employees of these organizations to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Relating to Pro-Abortion/Pro-Choice Activities that You participated in, attended, or organized (a) for the five years prior to your filing the Petition for Protection From Stalking Order; and (b) since the date of filing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 11 on the basis that the request for "all" documents related to the topic of "Pro-Abortion/Pro-Choice Activities," without any limitation as to type of activity or specific issue involved, is manifestly overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses.

Ms. Burkhart is the Founder and CEO of Trust Women Foundation and Trust Women South Wind Women's Center. South Wind is a reproductive healthcare clinic that provides abortion services, among others. Request No. 11, as written, purports to seek an enormously broad swath of irrelevant and highly sensitive information, including but not limited to: (1) confidential patient medical files, (2) confidential personnel files for South Wind Women's Center's employees, (3) financial records created by South Wind Women's Center, (4) files related to PAC membership, and

13

(5) all documents relating to Ms. Burkhart's current and prior employment and personal advocacy-related work over the course of more than ten years.

In addition to being manifestly overbroad in scope, this Request has no relevance to the claims and defenses in this action. In his words, Mr. Holick's Amended Complaint asserts two "simple" claims: abuse of process and malicious prosecution. Ms. Burkhart's professional activities and private views on abortion have no bearing on any element of either of these claims. Moreover, Ms. Burkhart has not pled any counter-claim or affirmative defense that would make such materials relevant. This unbounded request for materials related to Ms. Burkhart's professional and private activities in the realm of pro-choice advocacy and reproductive health services, including abortion, is unduly burdensome and far exceeds the permissible scope of discovery.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce non-public documents related to her professional activities, including any personnel and patient files. Moreover, Ms. Burkhart will not search for or produce non-public documents related to her personal views on access to abortion, as these documents bear no relevance to the instant litigation.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, postings on social media within the Relevant Time Period that pertain to Ms. Burkhart's participation in pro-choice activities, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications Concerning, Relating, or pertaining to Pro-Life or Anti-Abortion Activities, Including Documents and Communications posted on Social Media.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 12 on the basis that the request for "all" documents related to the topic of "Pro-Life or Anti-Abortion Activities," without any limitation as to activity type or specific issue involved is manifestly overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses.

Ms. Burkhart is the Founder and CEO of Trust Women Foundation and Trust Women South Wind Women's Center. South Wind is a reproductive healthcare clinic that provides abortion services, among others. Request No. 12, as written, purports to seek an enormously broad swath of irrelevant and highly sensitive information, including but not limited to: (1) all documents ever received by Ms. Burkhart or South Wind Women's Center regarding violence or threats made to patients and providers nationwide, (2) any security assessments regarding patient safety at South Wind Women's Center, and (3) all statements by Ms. Burkhart, whether public or private, regarding anti-choice activities over a more than ten-year period.

In addition to being manifestly overbroad in scope, this Request has no relevance to the claims and defenses in this action. In his words, Mr. Holick's Amended Complaint asserts two "simple" claims: abuse of process and malicious

prosecution. Ms. Burkhart's professional activities and private views on abortion have no bearing on any element of either of these claims. Moreover, Ms. Burkhart has not pled any counter-claim or affirmative defense that would make such materials relevant. This unbounded request for materials related to Ms. Burkhart's professional and private activities in the realm of pro-choice advocacy and reproductive health services, including abortion, is unduly burdensome and far exceeds the permissible scope of discovery.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce non-public documents related to her professional activities, including any documents related to anti-choice protests or advocacy groups. Moreover, Ms. Burkhart will not search for or produce non-public documents related to her personal views on anti-choice activities, as these documents bear no relevance to the instant litigation.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, postings on social media within the Relevant Time Period that pertain to anti-choice protests or activities, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications Relating to Pro-Abortion/Pro-Choice Activities, Including Documents and Communications posted on Social Media.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 13 on the basis that the request for "all" documents

related to the topic of "Pro-Abortion/Pro-Choice Activities," without any limitation as to activity type or specific issue involved is manifestly overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses.

Ms. Burkhart is the Founder and CEO of Trust Women Foundation and Trust Women South Wind Women's Center. South Wind is a reproductive healthcare clinic that provides abortion services, among others. Request No. 13, as written, purports to seek an enormously broad swath of irrelevant and highly sensitive information, including but not limited to: (1) confidential patient medical files, (2) confidential personnel files for South Wind Women's Center's employees, (3) financial records related to South Wind Women's Center, (4) files related to PAC membership, and (5) all documents prepared by Ms. Burkhart in the course of her employment and personal advocacy-related work over more than ten years.

In addition to being manifestly overbroad in scope, this Request has no relevance to the claims and defenses in this action. In his words, Mr. Holick's Amended Complaint asserts two "simple" claims: abuse of process and malicious prosecution. Ms. Burkhart's professional activities and private views on abortion have no bearing on any element of either of these claims. Moreover, Ms. Burkhart has not pled any counter-claim or affirmative defense that would make such materials relevant. This unbounded request for materials related to Ms. Burkhart's professional and private activities in the realm of pro-choice advocacy and

17

reproductive health services, including abortion, is unduly burdensome and far exceeds the permissible scope of discovery.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce non-public documents related to her professional activities, including any personnel and patient files. Moreover, Ms. Burkhart will not search for or produce non-public documents related to her personal views on access to abortion, as these documents bear no relevance to the instant litigation.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, postings on social media within the Relevant Time Period that pertain to Ms. Burkhart's participation in pro-choice activities, to the extent that such documents exist and have not already been produced.

## REQUEST FOR PRODUCTION NO. 14:

All Documents, Communications, and images that You conceived, authored, drafted, created, selected, compiled, received, published, or distributed that Relate to abortion, Including letters, articles, pamphlets, flyers, letters, signs, manifestos, speeches, columns, commentaries, interviews, and statements on Social Media.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 14 on the basis that the request for "all" documents related to the topic of abortion, without any limitation as to party or specific issue involved, is manifestly overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses.

18

Ms. Burkhart is the Founder and CEO of Trust Women Foundation and Trust Women South Wind Women's Center. South Wind is a reproductive healthcare clinic that provides abortion services, among others. Request No. 14, as written, purports to seek an enormously broad swath of irrelevant and highly sensitive information, including but not limited to: (1) confidential patient medical files, (2) confidential personnel files for South Wind Women's Center's employees, (3) financial records related to South Wind Women's Center, (4) files related to PAC membership, and (5) all documents prepared by Ms. Burkhart in the course of her employment and personal advocacy-related work over more than ten years.

In addition to being manifestly overbroad in scope, this Request has no relevance to the claims and defenses in this action. In his words, Mr. Holick's Amended Complaint asserts two "simple" claims: abuse of process and malicious prosecution. Ms. Burkhart's professional activities and private views on abortion have no bearing on any element of either of these claims. Moreover, Ms. Burkhart has not pled any counter-claim or affirmative defense that would make such materials relevant. This unbounded request for materials related to Ms. Burkhart's professional and private activities in the realm of pro-choice advocacy and reproductive health services, including abortion, is unduly burdensome, and far exceeds the permissible scope of discovery.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce non-public documents related to her professional activities, including any personnel and patient files. Moreover, Ms. Burkhart will not search for

or produce non-public documents related to her personal views on abortion, as these documents bear no relevance to the instant litigation.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, postings on social media within the Relevant Time Period that pertain to abortion, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications between or Concerning You and Pro-Choice/Pro-Abortion activists and organizations (a) for the five years prior to your filing the Petition for Protection From Stalking Order; and (b) since the date of that filing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 15 on the basis that the term "Pro-Choice/Pro-Abortion activists and organizations" is vague and ambiguous. Ms. Burkhart further objects to this Request on the basis that "all" communications with "Pro-Abortion/Pro-Choice Abortion activists," without any limitation as to party or specific issue involved, is manifestly overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses.

Ms. Burkhart is the Founder and CEO of Trust Women Foundation and Trust Women South Wind Women's Center. South Wind is a reproductive healthcare clinic that provides abortion services, among others. Request No. 15, as written, purports to seek an enormously broad swath of irrelevant and highly sensitive information,

including but not limited to: (1) confidential patient medical files, (2) confidential personnel files for South Wind Women's Center's employees, (3) financial records related to South Wind Women's Center, (4) files related to PAC membership, and (5) all documents prepared by Ms. Burkhart in the course of her employment and personal advocacy-related work over the course of a more than ten years.

In addition to being manifestly overbroad in scope, this Request has no relevance to the claims and defenses in this action. In his words, Mr. Holick's Amended Complaint asserts two "simple" claims: abuse of process and malicious prosecution. Ms. Burkhart's professional activities and private views on abortion have no bearing on any element of either of these claims. Moreover, Ms. Burkhart has not pled any counter-claim or affirmative defense that would make such materials relevant. This unbounded request for materials related to Ms. Burkhart's professional and private activities in the realm of pro-choice advocacy and reproductive health services, including abortion, is unduly burdensome and far exceeds the permissible scope of discovery.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce non-public documents related to her professional activities, including any personnel and patient files. Moreover, Ms. Burkhart will not search for or produce non-public documents related to her personal involvement in any pro-choice advocacy organization, as these documents bear no relevance to the instant litigation.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, postings on social media within the Relevant Time Period that pertain to Ms. Burkhart's communications with pro-choice organizations and activists, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents or Communications Concerning, Pertaining to, or evidencing any alleged violent language, inflammatory language, or intimidating behavior by Mark Holick concerning or directed at You as alleged in paragraphs ## 4 and 5 of your Petition for Protection From Stalking Order, (a) before you filed that Petition against him; and (b) after the filing of that petition, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to any threatening behavior by Mr. Holick, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents or Communications Concerning, Pertaining to, or evidencing any alleged acts by Mark Holick of molesting, abusing, harassing, or following You as referenced by You in completing paragraph #7 of the Petition for Protection From Stalking Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to this Request on the basis that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart further objects to this Request on the ground that the occurrence or non-occurrence of incidents in which Mr. Holick "molested" or "abused" Ms. Burkhart is irrelevant to any claim or defense in this action. Indeed, Request No. 17 appears to conflate the statutory standard under Kansas law for abuse with the standard for stalking. Insofar as Mr. Holick intends by this Request to establish the absence of documents supporting a claim that Mr. Holick abused or molested Ms. Burkhart, this Request is misguided. Whether or not the standard for abuse or molestation could have been satisfied bears no relevance to the claims at issue in this case, which arise solely from a claim of stalking.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents and communications within the Relevant Time Period that pertain to any threatening behavior by Mr. Holick, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents or Communications Concerning, Pertaining to, or evidencing any alleged death threats against you by Mark Holick at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 18 to the extent that it seeks documents and

23

communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to any death threats made by Mr. Holick, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents or Communications Concerning, Pertaining to, or evidencing any illegal activity by Mark Holick carried out at or near Defendant's business (South Wind Women's Center) at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 19 on the basis that the terms "illegal activity" and "at or near" are vague and ambiguous, and the former calls for a legal conclusion. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request to the extent that it seeks publicly available records equally accessible to Mr. Holick, including judicial documents, public news articles, or criminal incident reports.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Mr. Holick, including news reports or judicial or police records.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to any instances known to Ms. Burkhart at this time in which Mr. Holick engaged in threatening, violent, or potentially unlawful activity, to the extent that such documents exist and have not already been produced.

## REQUEST FOR PRODUCTION NO. 20:

All Documents or Communications Concerning, Pertaining to, or evidencing any illegal activity by Mark Holick carried out at or near Defendant's house, at any time, and/or any resulting police reports or criminal complaints, including any filed or reported by Defendant.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 20 on the basis that the terms "illegal activity" and "at or near" are vague and ambiguous, and the former calls for a legal conclusion. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request to the extent that it seeks publicly available records equally accessible to Mr. Holick, including judicial documents, public news articles, or criminal incident reports.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Mr. Holick, including news reports or judicial or police records.

25

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to any instances known to Ms. Burkhart at this time in which Mr. Holick engaged in threatening, violent, or potentially unlawful activity, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications, Including photographs, videos, DVD's, and audio recordings, Related to the Anti-abortion Activities that were held on or about November 17, 2012 outside Defendant's house; in or about January 2013 outside Defendant's place of business; and on or about February 15, 2013 outside Defendant's house.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request on the basis that it seeks publicly available records equally accessible to Mr. Holick, including judicial documents, public news articles, or criminal incident reports.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Mr. Holick, including news reports or judicial or police records.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents

26

within the Relevant Time Period that pertain to the three anti-abortion events referenced in Plaintiff's Amended Complaint, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications, Including photographs, videos, DVD's, and audio recordings, that purport to depict Mark Holick engaging in any harassing or violent conduct (a) on or about November 17, 2012 outside Defendant's house; (b) in or about January 2013 outside Defendant's place of business; (c) on or about February 15, 2013 outside Defendant's house; and (d) at any other time at either location.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to this Request on the basis that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request on the basis that it seeks publicly available records equally accessible to Mr. Holick, including judicial documents, public news articles, or criminal incident reports.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Mr. Holick, including news reports or judicial or police records.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that pertain to Mr. Holick's attendance, participation, organization of, or involvement in the three anti-abortion events

27

referenced in Plaintiff's Amended Complaint, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications, Including photographs, videos, DVD's, and audio recordings, that purport to depict Mark Holick present (a) on or about November 17, 2012 outside Defendant's house; (b) in or about January 2013 outside Defendant's place of business; and (c) on or about February 15, 2013 outside Defendant's house.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 23 on the ground that the term "present . . . outside Defendant's [home or work]" is vague and ambiguous. Ms. Burkhart reasonably interprets this Request to refer to Mr. Holick's attendance, participation, organization of, or involvement in the three anti-abortion events referenced Plaintiff's Amended Complaint. Ms. Burkhart further objects to this Request on the basis that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart also objects to this Request on the basis that it seeks publicly available records equally accessible to Mr. Holick, including judicial documents, public news articles, or criminal incident reports.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Mr. Holick, including news reports or judicial or police records.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents

within the Relevant Time Period that pertain to Mr. Holick's attendance, participation, organization of, or involvement in the three anti-abortion events referenced in Plaintiff's Amended Complaint, to the extent that such documents exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show Your employment history (whether full-time, contract, or volunteer), such as title, compensation, and job responsibilities, Including Your involvement with South Wind Women's Center, ProKanDo, Dr. Tiller, and Women's Health Care Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 24 on the basis that it is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. This case involves claims for malicious prosecution and abuse of process. The documents sought by this Request are not relevant to any element of those claims, and Ms. Burkhart has not asserted any cross-claim or affirmative defense placing at issue her employment history, compensation, or job responsibilities.

On the basis of the foregoing objections, Ms. Burkhart refers Mr. Holick to Ms. Burkhart's forthcoming Responses to Defendant's Interrogatories 2, 3, and 4.

**REQUEST FOR PRODUCTION NO. 25:**

All documents You referred to or considered, consulted, review, or relied upon in connection with responding to (a) all of Plaintiff's Interrogatories to you; and (b) all of Plaintiff's Requests for Production to you, including both sets of each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Ms. Burkhart hereby incorporates her Recurring Objections. Ms. Burkhart further objects to Request No. 25 on the basis that it is overbroad and seeks documents and communications that are neither relevant to the claims and defenses in this case nor reasonably and proportionately tailored to those claims and defenses. Ms. Burkhart further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Ms. Burkhart further objects to this Request to the extent that it seeks documents that are equally accessible to Mr. Holick, including judicial documents and discovery materials in this case and in *Burkhart v. Holick*, No. 113-DM-1453 (Kan. Dist. Ct. 2013).

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Ms. Burkhart will not search for or produce publicly available documents equally accessible to Plaintiff, including the state-court record, documents filed with the Court in this case, or discovery exchanged by the parties.

Subject to and without waiver of these objections, Ms. Burkhart will undertake a reasonable search for and will produce, on a rolling basis, non-privileged documents within the Relevant Time Period that were reviewed by Ms. Burkhart in responding to Mr. Holick's Interrogatories and Requests for Production.

Dated: August 31, 2017

Signed as to Objections,

/s/ Erin Thompson

Erin Thompson, #22117
MORGAN PILATE LLC

30

926 Cherry Street
Kansas City, MO 64106
(816) 471-6694
(816) 472-3516 (fax)
ethompson@morganpilate.com

John Hall*
Marianne Kies*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
(202) 662-6291 (fax)
jhall@cov.com
mkies@cov.com
*Admitted Pro Hac Vice

Counsel for Julie Burkhart

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August 2017, a true and correct copy
of the foregoing Defendant Julie Burkhart's Responses to Plaintiff's Second Set of
Requests for Production of Documents was served by e-mail on counsel for Plaintiff.

/s/

Marianne F. Kies