IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HOLICK, )
 )
        Plaintiff, )
 )
v. ) Case No. 16-1188-JTM-KGG
 )
JULIE A. BURKHART, )
 )
        Defendant. )
_____ )

**MEMORANDUM & ORDER ON MOTION TO COMPEL**

Now before the Court is Defendant's "Motion to Compel Plaintiff to Answer Certain Requests for Production." (Doc. 64.) Having reviewed the submissions of the parties, the Court **GRANTS in part** Defendant's motion.

**FACTS**

In 2013, Defendant received a temporary order of protection from stalking against Plaintiff in Kansas state court (state court action). Plaintiff, who is a resident of Oklahoma, brings the present matter alleging malicious prosecution and abuse of process against Defendant, a Kansas resident, relating to the allegations levied against him in the state court action. (*See generally*, Doc. 84.)

In regard to the malicious prosecution claim, Plaintiff alleges that Defendant "lacked probable cause for the false allegations, did not take reasonable measures to ascertain the veracity of said allegations, and was reckless and intentional in

1

filing the false stalking charges against [him]." (Doc. 84, at 6.) As for the abuse of process claim, Plaintiff contends that Defendant "acted in a false and improper manner in the prosecution of a regular proceeding under Kansas law for anti-stalking against" Defendant. (*Id*., at 7.) Plaintiff continues that "[t]he use of substantial falsehoods, speculation and mere suspicion, without probable cause, to obtain an anti-stalking order is improper, illegal, and unauthorized by law." (*Id*.)

Plaintiff alleges that over the course of two years, Defendant

> continued the temporary order against [him] and did not make it a permanent injunction. As late as January 2015, defendant attempted to influence the Wichita police to arrest Mark Holick for violating the anti-stalking order. The filing of the petition and false accusations of 'stalking' caused extensive negative media publicity about him.

(*Id*., at 5-6.) Plaintiff alleges that this "curtailed or reduced his First Amendment and religious expressive activities" and caused him to fear "for his safety." (*Id*., at 5.) Plaintiff continues that "[u]ltimately, when faced with a motion for summary judgment by [Plaintiff], [Defendant] voluntarily dismissed her stalking case, leaving [Plaintiff] as the prevailing party." (*Id*., at 6.) He contends that "[t]he initiation, continuation or procurement of the 'anti-stalking' order, based on complete falsehoods, caused [him] to incur tens of thousands of dollars in attorney fees." (*Id*.)

2

Defendant's Answer to Plaintiff's Amended Complaint incorporates her original answer, but deletes the portion directed to Plaintiff's defamation claim (Count III), which was voluntarily dismissed by Plaintiff.  (*See* Doc. 97.)  The affirmative defenses contained in Defendant's Answer contend that the statements in her state court petition were true and "in good faith pursuant to a legitimate interest, which is her safety; the statements were limited to those necessary to uphold her interest; and the statements were made in a proper manner to a proper party, the state." (Doc. 20, at 7.)  Defendant contends that she feared for her safety given the allegedly threatening nature of Plaintiff's statements and actions.  (*Id.*) For instance, Defendant alleges that the church where Plaintiff served as a pastor "publically celebrated the death" of Dr. George Tiller, the doctor who provided abortion services in Wichita prior to Plaintiff.  (*Id.*, at 7.)  Defendant also alleges that "Plaintiff publicly admitted he was at Defendant's house" with a sign reading "'Where's Your Church' . . . after pointing out that Dr. Tiller wasn't shot at his home but at his church."  (*Id.*)

Defendant's present motion requests an Order compelling Plaintiff to comply with Fed.R.Civ.P. 34 and indicate whether he is withholding documents on the basis of his objections to various Requests for Production.  Defendant also seeks an Order compelling Plaintiff to fully respond to certain of her Requests.  (*See* Docs. 64, 64-1.)

## ANALYSIS

### I.     Legal Standards.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.

### II.    Compliance with Fed.R.Civ.P. 34(b).

Defendant's first complaint is that Plaintiff's responses do not comply with Fed.R.Civ.P. 34(b)(2)(C) because Plaintiff does not indicate "what, if any, responsive documents he is withholding on the basis of objections." (Doc. 64-1, at 8.) Defendant continues that "Plaintiff's noncompliance with Rule 24(b)(2)(C) renders it impossible for [Defendant] to evaluate the extent of the deficiencies in his responses to the Requests, particularly in light of his extensive objections." (*Id.*)

"The 2015 amendments to Rule 34 now require an objecting party to 'state whether any responsive materials are being withheld on the basis of that

4

objection.'" ***Rowan v. Sunflower Elec. Pwr. Corp***., No. 15-9227-JWL-TJJ, 2016 WL 3743102, at *3 (D. Kan. July 13, 2016) (quoting Fed.R.Civ.P. 34(b)(2)(C)).

> This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.  The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.  An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'

*Id*. (quoting Fed.R.Civ.P. 34 advisory committee's note to 2015 amendment).

Plaintiff's response does not even address this issue.  Regardless, the Court finds the issue to be unambiguous.  Plaintiff is instructed to provide supplemental responses, compliant with the above discussion of Rule 34, indicating whether he has withheld any documents on the basis of his stated objections.  Obviously, as to Plaintiff's stated objections that the Court overrules in this Order, he may not continue to withhold documents that he previously did not produce on the basis of such objection(s).

### III.   Objections to Defined/Undefined Terms.

Plaintiff objects that Defendant's

> definitions 4, 5, 6, 7, 8, 11, and 12 are objectionable as used below because those definitions are overly broad

5

> and unduly burdensome, and are so much so as to be oppressive and harassing. The broad definitions as applied in the contexts below are also vague and confusing such that they are beyond the ability of plaintiff to comprehend and answer accurately and fully.

(Doc. 65-2, at 1.) The Court does not agree. Rather, the Court finds Defendant's definitions of the terms "communication" (definition 4), "document" (5), "identify" (6), "including or includes" (7), "relating to, referring to, or concerning" (8), "anti-abortion or pro-life" (11), and "activities" (12) to be straightforward and based on the commonly known definitions of these terms. Plaintiff has failed to establish that the definitions are "vague" or "confusing" so as to make them "beyond the ability of plaintiff to comprehend" their meaning. The Court **overrules** Plaintiff's objections to these terms.

Plaintiff also objects to certain terms that Defendant did not define as vague and confusing – "investors," "interaction," "relationship," and "public appearances." (Doc. 65-2, at 4, 20-22, 26; Doc. 65-7, at 5-6, 8.) The Court similarly **overrules** Plaintiff's objections to these terms, which the Court finds to be commonly understood.

This portion of Defendant's motion is **GRANTED**. Defendant asks for Plaintiff to be compelled to "amend his responses to the Requests to state, for each Request, whether he is withholding responsive material based upon his objections." (Doc. 64-1, at 7.) Because the Court has overruled Plaintiff's

6

objections to these terms, Plaintiff is, rather, instructed to provide supplemental responses to any discovery request for which he previously included an objection based on the use and/or definition of these terms: "communication," "document," "identify," "including or includes," "relating to, referring to, or concerning," "anti-abortion or pro-life," "activities," "investors," "interaction," "relationship," and "public appearances." No documents shall be withheld from production by Plaintiff on the basis of these overruled objections.[1]

## IV.  Objections to Specific Discovery Requests.

Plaintiff's response to Defendant's motion to compel includes little or no discussion of specific discovery requests. Rather, Plaintiff generally states that

> he stands by his objections to the individual requests for production. In sum, the discovery requests . . . are clearly overly broad, unduly burdensome, not properly limited in time and scope, vague and ambiguous, and lack particularity, such that speculation and conjecture is required of plaintiff to determine what information is being sought. Further, the extremely broad requests . . . are designed to annoy and harass the plaintiff.

(Doc. 95, at 10.) A party objecting to discovery requests has the burden substantiate those objections unless the request is facially objectionable. *See*

---

[1] The Court does agree with Plaintiff, however, that Defendant's request for documents "sufficient to show Your financial status" (Doc. 65-2, at 26) employs terminology that is vague, ambiguous, and confusing to the degree that it would be extremely difficult, if not impossible, to appropriately respond to Request No. 25. Defendant has withdrawn her request to compel a supplemental response to Request No. 25 because Plaintiff has withdrawn his claim for lost income, as discussed *infra*. As such, this issue is moot.

*Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Serv. Cntr.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (holding that a party objecting to undue burden or relevancy has the burden to establish the objection). The Court will review the specific discovery requests at issue in order to determine whether the requests are facially objectionable and/or whether Plaintiff has adequately substantiated his objections in his discovery responses and/or responsive brief.

In this context, the Court acknowledges Plaintiff's concerns that Defendant's discovery requests – as well as the arguments in the brief supporting her motion – concern "broad, general information . . . about abortion [that] might be relevant to show that [she] 'reasonably feared that [Defendant] was a threat.'" (Doc. 95, at 3 (citing Doc. 64-1, at 8-9.) Plaintiff argues that "[s]uch arguments display a misunderstanding of the law." (Doc. 95, at 4.)

> '[p]robable cause and 'reasonable fear' do not provide a basis for a defendant to lie about someone and assert false charges against them in a verified pleading. Boilerplate allegations and speculation about potential threats or 'reasonable fear' do not open the door to wholesale searches to find supporting evidence after the fact, nor do they permit discovery conducted in the hope of finding something to support the false pleading.

(*Id.*) Plaintiff continues that "[w]ant or existence of probable cause is limited to the facts and circumstances which were apparent to a defendant at the time she initiated and continued the prosecution of plaintiff." (*Id.* (citations omitted).) In this regard, the Court agrees.

Plaintiff argues that "Defendant is on a fishing expedition seeking to find something now, in 2017, to justify the filing she made several years ago. This tactic is not permissible under the law of probable cause." (*Id.*)  Given the facially overly broad nature of several of Defendant's requests, discussed *infra.*, the Court agrees.  Defendant may properly attempt to discover evidence relevant to support facts known to Defendant at the time the underlying action was filed, which Defendant claims supported her decision to file the protection from stalking action.  Attempted discovery into the actions of Plaintiff not known to Defendant at the time of the filing is not proper, at least on the current record.  A detailed inquiry into Plaintiff's lawful political activities is overbroad beyond establishing that Plaintiff was, generally, actively involved in the pro-life movement, which the Court presumes is not disputed.  The Court's focus will now turn to the specific discovery requests at issue.

### A.     Requests Nos. 3 and 4.

Request No. 3 seeks "seeks "[a]ll Documents and Communications Concerning or Relating to Anti-Abortion Activities, Including Documents and Communications posted on Social Media."  (Doc. 65-2.)  Request No. 4 asks for "[a]ll Documents, Communications, and images that You conceived, authored, drafted, created, selected, compiled, received, published, or distributed that

9

Relate to abortion, Including pamphlets, flyers, letters, signs, manifestos, sermons, speeches, articles, columns, commentaries, interviews, and statements on Social Media."

Plaintiff's response contains two pages of objections, including that the time period is overly broad, that the terms "communication," "anti-abortion," and "activities" are overly broad, unduly burdensome, oppressive and/or harassing, and that the request "is not reasonably calculated to lead to the discovery of admissible evidence . . . ."  (*Id*., at 5-7.)

As an initial matter, the Court notes that the "reasonably calculated" standard has been replaced by the "proportional to the needs of the case" standard discussed, *supra*.  *See* Fed.R.Civ.P. 26(b).  That stated, the Court finds that Request No. 3 is facially overbroad, particularly given the time frame implicated. Further, although the Court has overruled Plaintiff's objections to the terms "communication," "anti-abortion," and "activities," the combination of these terms in this particular discovery request, as worded, could potentially implicate the vast majority of communications and/or activities Plaintiff has engaged in professionally or as an activist for almost 20 years.

The sheer volume of information implicated by Requests 3 and 4, as worded, is not proportional to the needs of the case.  The Requests facially encompass a massive amount of information that is entirely irrelevant to the claims, defenses,

10

and events at issue in this lawsuit. Given the degree to which these Requests are facially overbroad, the Court will refrain from devising more narrow versions of the Requests. Defendant's motion is, therefore, **DENIED** in regard to Requests Nos. 3 and 4.

### B. Request No. 5.

Request No. 5 seeks

> [a]ll Communications between or Concerning You and Anti-abortion activists and organizations known to You, Including Chris and Shelly Clegg, Angel Dillard, Bruce Garden, David Goodrich, Nicholas Healed, David Leach, Jennifer McCoy, Troy Newman, John Pride, Scott Roader, Robert Rotola, Shelley Shannon, Cheryl Sullenger, the Army of God, the Kansas Coalition for Life, Kansans for Life, Operation Rescue, Operation Save America, Operation Rescue/Operation Save America, and Personhood Kansas.

(Doc. 65-2, at 8.) Plaintiff objects as to the use of the terms "communications" and "anti-abortion." (*Id*., at 8-9.) The Court finds that given the more particularized nature of this Request, which enumerates potential communication with specific individuals and organizations, the use of these terms is not objectionable.

The Request is, however, facially objectionable given the nearly two-decade time frame implicated. Further, because of the nature of Plaintiff's work and activism, this Request could implicate an inordinate amount of irrelevant information. The Court instructs Plaintiff to provide any responsive information for the past seven (7) years that references Defendant or her office.

The Court notes that, "[w]ithout waiving any objection," Plaintiff indicates that he has "no such documents in [his] possession and control" other than a few emails. (Doc. 65-2, at 9-10.) The Court finds it unlikely that *narrowing* Request No. 5 will result in more responsive documents. Even so, Plaintiff is instructed to conduct the requisite search and provide a supplemental response to Request No. 5. Defendant's motion is **GRANTED in part** in regard to Request No. 5.

### C.   Requests Nos. 11 and 16.

Request No. 11 asks for documents "[c]oncerning the 'great inconvenience,' referred to in Paragraph 44 of Your Complaint, that the filing and prosecution of the Petition for Protection From Stalking allegedly caused You, since the Date the Petition was filed." (Doc. 65-2, at 16.) Plaintiff "incorporates . . . by reference . . . all of the foregoing objections to the preceding Requests." (*Id*.) Request No. 16 seeks documents "[r]elating to the damages You seek in this action, alleged in Paragraphs 40, 45, and 52 of Your Complaint as being 'in excess of $75,000,' Including all Documents Concerning attorney's fees and costs and all other damages that You seek to recover in this action." In response, Plaintiff merely "incorporates . . . his response to request number 11."

Plaintiff makes no effort to substantiate how any such "foregoing objections," as incorporated into his response to Request No. 11, relate to Requests Nos. 11 and 16. The Court finds the requests to be facially relevant and coherent,

12

particularly as they reference language taken from Plaintiff's Complaint. Plaintiff's objections are **overruled** and Defendant's motion is **GRANTED** as to Requests Nos. 11 and 16.[2]

### D.   Request No. 17.

This Request seeks "[a]ll Documents and Communications by and between You and any Person Concerning Defendant's Petition for Protection From Stalking Order, prosecution of the related state lawsuit, and/or Defendant."  (Doc. 65-2, at 20.)  This Request is not facially objectionable and Plaintiff has failed to substantiate his objections.  Defendant's motion is, therefore, **GRANTED** in regard to Request No. 17.

### E.   Request No. 19.

Request No. 19 asks for "[a]ll Documents Concerning any contact, interaction, or relationship with Defendant or South Wind Women's Center and its employees since the Date of filing of Defendant's Petition for Protection From Stalking Order."  (Doc. 65-2, at 22.)  Plaintiff objects that "[t]his request is particularly vague and confusing, and overly broad and oppressive, because it does not specify a subject, that is, who has made the 'contact, interaction, or

---

[2] As noted below, Plaintiff has dropped his claims for lost income.  (Doc. 95, at 2.) Even so, the Court finds Requests Nos. 11 and 16 to be relevant and appropriate because Defendant must be able to "analyze, understand, or respond" to Plaintiff's claim for damages.  (*See* Doc. 107, at 9 (citation omitted).)

13

relationship' inquired about, with the named persons, entities, or their employees." (*Id*.)

The Court is comfortable inferring that the Request seeks "contact, interaction, or relationship" that *Plaintiff* has had with Defendant or South Wind Women's Center and its employees. Given that clarification, the Court **overrules** Plaintiff's objections to this Request. Defendant's motion is **GRANTED** in regard to Request No. 19. The Court notes, however, that Plaintiff indicates he "has had no such contact, interaction or relationship during the specified time period." (Doc. 95, at 11.) Even so, he is instructed to supplement his response accordingly.

### F.     Request No. 20.

This Request seeks "[a]ll Documents and Communications Relating to Anti-Abortion Activities that You organized or participated in and that were carried out near Defendant's business (South Wind Women's Center) or private residence, Including Your preparation for such Activities and the creation of any signage or similar materials to be used in such Activities." (Doc. 65-2, at 22.) As an initial matter, the Court **overrules** Plaintiff's unsubstantiated, boilerplate objection that the terms "communications," "anti-abortion," "activities," "participated in," "including," and "preparation" are vague, overly broad, and unduly burdensome. (*Id*.)

Plaintiff also objects that this requests "is not specific as to an event, date, or time, and leaves plaintiff to speculate about what is intended . . . ." Plaintiff continues that "[t]he fact that no scope of time is specified further renders this request overly broad, unduly burdensome, and oppressive." (*Id.*, at 23.) These objections are **overruled**. The Court finds that the time frame is inferentially established as the time during which Defendant lived in Wichita and/or worked at the South Wind Women's Center. Further, because the Request refers to anti-abortion activities organized or participated in by Plaintiff near Defendant's home or place of work, this provides Plaintiff with an additional frame of reference "as to an event, date, or time . . . ." Defendant's motion is **GRANTED** in regard to Request No. 20.

### G. Request No. 21.

Request No. 21 asks for documents "[r]elated to the Anti-abortion Activities that were held on or about November 17, 2012[,] outside Defendant's home, in or about January 2013 outside Defendant's place of business, and on or about February 15, 2013[,] outside Defendant's home." (Doc. 65-2, at 23.) Again, the Court **overrules** Plaintiff's objections to the use of the terms "anti-abortion," "activities," "communications," "including," and "related to."

Plaintiff objects "that the phrase 'in or about January 2013 outside of Defendant's place of business' is not specific as to an event or a date." (*Id.*, at 24.)

15

The Court finds that the phrase is sufficiently specific and **overrules** this objection. Plaintiff also objects to the request "because he was not 'outside Defendant's home' on either November 17, 2012 or on February 15, 2013." This is not a valid objection because even assuming this to be true, that does not necessarily mean Plaintiff has no documents and/or engaged in no communication related to these events.

Finally, Plaintiff contends that the requests is "immaterial and irrelevant" and is "not reasonably calculate to lead to the discovery of admissible evidence." (*Id.*) The Court does not find the request to be facially irrelevant and Plaintiff has failed to substantiate these boilerplate objections. Further, as noted *supra*, the "reasonably calculated" standard has been replaced by the "proportional to the needs of the case" standard discussed. *See* Fed.R.Civ.P. 26(b). As such, Defendant's motion is **GRANTED** in regard to Request No. 21.

### H.     Requests Nos. 22 and 25.

These requests seek financial information from Plaintiff. Because Plaintiff is no longer seeking damages related to lost income (*see* Doc. 95, at 2), Defendant has withdrawn her motion in regard to these requests (Doc. 107, at 2).

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 64) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

Plaintiff is instructed to provide supplemental responses, removing the objections overruled herein and complying with Rule 34, and to produce all additional responsive documents within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2017, at Wichita, Kansas.

          s/ Kenneth G. Gale
          HON. KENNETH G. GALE
          U.S. MAGISTRATE JUDGE