IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HOLICK,

       Plaintiff,

v.                                                                          Case No. 16-1188-JWB

JULIE A. BURKHART,

       Defendant.

**MEMORANDUM AND ORDER**

Before the court are the following: Plaintiff's Motion for Extension of Time to File Motions (Doc. 248), and Defendant's Memorandum in Opposition (Doc. 250.) For the reasons stated herein, Plaintiff's Motion for Extension of Time to File Briefs (Doc. 248) is GRANTED IN PART and DENIED IN PART. The court also modifies the Pretrial Order to reflect that the action will be tried to a jury instead of to the court.

**I. Background**

Following a final pretrial conference with the parties, Magistrate Judge Gale signed and filed a Pretrial Order on October 10, 2018. (Doc. 246.) The Pretrial Order set the matter for a bench trial on September 19, 2019, and set a dispositive motion and *Daubert* motion deadline of December 14, 2018. (*Id.* at 17.) The Order notes that the dispositive motion deadline was requested by Plaintiff "due to the press of other business." (*Id.*) The transcript of the pretrial conference confirms that the motion deadline was extended by several weeks to December 14th at Plaintiff's request. (Doc. 247 at 21-25.)

At 8:23 p.m. on December 14, 2018, Plaintiff filed a motion to extend the motion deadline to December 20, 2018, to allow Plaintiff to file a summary judgment motion and a *Daubert* motion.

(Doc. 248.) The motion asserts that Plaintiff's two attorneys are sole practitioners and they seek an extension "due to the press of other deadlines and crucial client matters preventing them from completing the subject motions by the current deadline." (*Id*. at 1.)

Defendant timely filed her summary judgment motion on December 14, 2018. (Doc. 249.) Defendant has also filed a memorandum in opposition to Plaintiff's request for an extension of time, arguing Plaintiff's request was untimely, that Plaintiff has not shown manifest injustice requiring a modification of the Pretrial Order, and that Defendant would be prejudiced because Plaintiff now has the benefit of Defendant's summary judgment motion while drafting his own motion. (Doc. 250.)

**II. Analysis**

1. <u>Extension of motion deadline</u>. The court may modify a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party moving to modify the pretrial order bears the burden of demonstrating manifest injustice. *Brown v. Keystone Learning Svcs.*, No. 17-2211-JAR, 2018 WL 6042592, *8 (D. Kan. Nov. 19, 2018) (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)).

Plaintiff fails to show adequate justification for extending the dispositive motion deadline. The deadline was set well beyond the pretrial conference in the first instance to allow Plaintiff more than sufficient time to file a summary judgment motion. Beyond citing the press of business and referring to unexplained difficulty acquiring affidavits, Plaintiff's motion does not show why an extension is necessary, nor does it explain why Plaintiff waited until the eleventh hour to seek an extension. Allowing Plaintiff an extension at this point could cause unfair prejudice by allowing Plaintiff a one-sided opportunity to tailor his summary judgment arguments in light of the evidence and arguments cited in Defendant's timely-filed motion. At the same time, Plaintiff's failure to

file a summary judgment motion will not deprive Plaintiff of the ability to litigate the merits of his claims. Finally, no showing is made that it would be manifestly unjust not to extend the deadline to allow Plaintiff to seek summary judgment on a claim involving malice, the existence of which is ordinarily a question of fact for the jury to determine. *See Anderson v. Bestmark Express, Inc.*, 2018 WL 3730028, *3 (D. Kan. Aug. 6, 2018) (citing *Turner v. Halliburton Co.*, 240 Kan. 1, 8, 722 P.2d 1106 (1986)). After considering the circumstances, the court concludes that Plaintiff's motion to extend the summary judgment deadline in the Pretrial Order should be denied.

The court reaches a different conclusion with respect to Plaintiff's request to extend the deadline for filing a *Daubert* motion. Defendant identifies no potential prejudice from a short extension of the *Daubert* deadline, and the court sees none. Moreover, in a jury trial[1] the court may prefer to hear certain matters relating to expert testimony outside the presence of the jury, and it is more efficient and economical to resolve challenges to an expert's qualifications or methods ahead of time if possible, so as to avoid wasting a jury's time. Although the basis for Plaintiff's *Daubert* challenge is not clear from the briefs, the court concludes that the circumstances, including the lack of prejudice, warrant granting an extension until December 20, 2018, for Plaintiff to file a *Daubert* motion.

2. *Modification of Pretrial Order to Reflect Jury Trial*. Defendant's answer to the complaint demanded a jury trial. (Doc. 20 at 9.) The action was thereafter scheduled for jury trial, as reflected in several scheduling orders, including one filed January 18, 2018. (Doc. 147.) A pretrial conference was held on May 31, 2018, but resulted in no final order due to pending motions. (Doc. 224.) On October 10, 2018, a final pretrial conference was held by Magistrate Judge Gale, and the Pretrial Order was entered setting the matter for a bench trial on September

---

[1] As indicated in the discussion below, trial of this matter will be to a jury.

17, 2019. A review of the transcript shows there was no discussion about waiving a jury trial during the final pretrial conference. (Doc. 247.)

Rule 39 provides in part that when a jury trial has been properly demanded, the trial must be by jury unless the parties or their attorneys "file a stipulation to a nonjury trial or so stipulate on the record," or the court finds there is no federal right to a jury trial. Fed. R. Civ. P. 39(a). No stipulation to a nonjury trial has been filed in this case and no stipulation to a nonjury trial appears on the record. There is a federal right to jury trial on the claims asserted. Accordingly, the trial must be to a jury. The court therefore modifies the Pretrial Order to reflect that the trial on September 17, 2019, will be to a jury.

IT IS THEREFORE ORDERED this 18th day of December, 2018, that Plaintiff's Motion for Extension of Time to File Motions (Doc. 248) is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to extension of time to file a dispositive motion. The motion is GRANTED with respect to filing of a *Daubert* motion. Plaintiff is granted until December 20, 2018, to file a *Daubert* motion.

IT IS FURTHER ORDERED that the Pretrial Order is modified to reflect that trial of this action on September 17, 2019, shall be to a jury.

IT IS SO ORDERED.

                                                                ___s/ John W. Broomes_____
                                                                JOHN W. BROOMES
                                                                UNITED STATES DISTRICT JUDGE