IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HOLICK,

        Plaintiff,

v.                                                     Case No. 16-1188-JWB

JULIE A. BURKHART,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to alter or amend judgment. (Doc. 271.) The motion is fully briefed and is ripe for decision. (Docs. 272, 273, 274.) For the reasons stated herein, Plaintiff's motion to alter or amend (Doc. 271) is DENIED.

**I. Summary**

Plaintiff moves pursuant to Fed. R. Civ. P. 59(e) to alter or amend the court's summary judgment ruling (Doc. 270) insofar as it dismissed Plaintiff's abuse of process claim. (Doc. 271 at 1.) Alternatively, Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(1) and (b)(6). Plaintiff argues the court improperly "made a factual determination as to the purpose and intent of Defendant in brining the PFS [Protection from Stalking] action" despite evidence that Defendant had an ulterior motive in filing it. (*Id.*) He further argues the court erred by finding the PFS action was confined to its "regular and legitimate function," because there was evidence that Defendant used the PFS process for a process forbidden by statute. (*Id.*)

**II. Rule 59(e) standard**

"Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, at *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017.)) A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank,* 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (citations omitted.) It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

### III. Analysis

Plaintiff's motion shows no basis for reconsideration of the court's summary judgment ruling. The court dismissed the abuse of process claim based on its finding that "Plaintiff has failed to cite evidence from which a jury could reasonably conclude that Defendant made an illegal or improper use of process." (Doc. 270 at 22.) That was true, the court noted, even if Defendant had an improper ulterior motive for bringing the PFS action. (Doc. 270 at 23.) Plaintiff acknowledges that abuse of process has distinct elements consisting of a defendant's improper *use* of a process (i.e., a use not authorized by the process itself) and a defendant's ulterior motive or purpose for doing so. (Doc. 271 at 8.) Yet Plaintiff immediately conflates the two, arguing that "whether a defendant had an ulterior motive or improper purpose is a question of fact for the jury," and arguing the court improperly made findings of fact concerning Defendant's purpose. (*Id.* at 9-10.) To the extent the "use" element examines whether the process was used for a purpose other than that for which it was designed or intended, the inquiry does not depend upon the defendant's state of mind or purpose. Rather, it turns upon an objective examination of the manner in which

2

the process was used and whether that use was consistent with the process's intended purpose. *See, e.g.*, 1 Am. Jur. 2d *Abuse of Process* § 6 ("For purposes of abuse of process claims, although the litigant's motive may be important in determining whether there was an ulterior purpose for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process.") In dismissing this claim on summary judgment, the court examined the actual use of the PFS process in light of the allegations made by Defendant in her PFS complaint, and concluded the process was "confined to its regular function in relation to the claims asserted…." (Doc. 270 at 23.)

Plaintiff argues that "courts, including those of Kansas, hold that the pursuit of an action with an ulterior motive collateral to the proceeding will sustain an abuse of process claim without more," and this "is particularly true in cases alleging First Amendment motives." (Doc. 271 at 15.) Kansas case law provides that abuse of process "contemplates some overt act in addition to the initiating of the suit; thus the mere filing or maintenance of a lawsuit, *even for an improper purpose*, is not a proper basis for an abuse of process action." *Caldwell-Baker Co. v. Tideman,* 149 P.3d 894 (Table), 2007 WL 136029, *7 (Kan. Ct. App. Jan. 19, 2007) (quoting 1 Am. Jur. 2d, *Abuse of Process* § 11, pp. 47-71.) (emphasis added.) *See also Welch v. Shepherd*, 169 Kan. 363, 366, 219 P.2d 444, 447 (1950) ("two elements are necessary to an action for malicious abuse of process, one the existence of an ulterior motive, and second, an act in the use of such process not proper in the regular prosecution of the proceeding.") Plaintiff cites no Kansas case identifying an exception to this rule when "First Amendment motives" are claimed. Kansas recognizes, as does the Restatement, that if the suit "is brought not to recover *on the cause of action stated in the complaint* but to accomplish a purpose for which the process was not designed, there is an abuse of process." *Id.* (emphasis added.) Here, the PFS dispute as to whether Plaintiff engaged in

3

stalking or instead engaged in lawful expressive conduct was central to the merits of the PFS complaint.[1] By design of Kansas law, a temporary PFS order was available to Defendant on the cause of action alleged by her in the PFS complaint. Plaintiff has cited no evidence that Defendant used the PFS order in a manner collateral to that cause of action or in a manner not contemplated by statute. *See Jackson & Scherer, Inc. v. Washburn*, 209 Kan. 321, 331, 496 P.2d 1358, 1366 (1972) ("abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.") For reasons stated previously, Plaintiff may be able to show that Defendant did not have probable cause for her allegations in the PFS complaint, but abuse of process does not consist of "commencing an action or causing process to issue without justification, but misusing or misapplying process, justified in itself, for an end other than that which it was designed to accomplish." *Id.* As such, Plaintiff's evidence that Defendant maintained the PFS action, communicated with Officer Hinners about it, and offered to settle if Plaintiff agreed not to continue the sort of acts alleged in the PFS complaint do not satisfy the element of an improper use of process for a purpose for which it was not designed.[2]

---

[1] As noted in the court's prior order, a state district judge denied Plaintiff's motion to dismiss the PFS complaint on First Amendment grounds, finding questions of fact as to whether the alleged actions were protected by the First Amendment. (Doc. 270 at 11.)

[2] In addition to the foregoing, the court notes that the Kansas Supreme Court has described the tort of abuse of process as misusing or misapplying process, "justified in itself," for an end other than that which it was designed to accomplish. *Thomas v. City of Baxter Springs, Kan.*, 369 F. Supp. 2d 1291, 1299 (D. Kan. May 10, 1995) (quoting *Jackson & Scherer, Inc.*, 209 Kan. at 331, 36 P.2d at 1366-67). In his motion, Plaintiff criticizes the court's conclusion that process was justified for the claim stated in the PFS petition, arguing vehemently that Defendant's PFS suit was a completely *unjustified* effort to silence his constitutionally protected speech. If that be the case, then Plaintiff's abuse of process claim may well fail on the alternative basis that, according to Plaintiff, the process was unjustified from the beginning. Under Kansas law, such circumstances may support a claim for malicious prosecution, but apparently not one for abuse of process.

In sum, Plaintiff's motion fails to show that dismissal of the abuse of process claim constitutes clear error or results in manifest injustice, and it fails to show any grounds for relief under Rule 59 or Rule 60.

IT IS THEREFORE ORDERED this 13th day of August, 2019, that Plaintiff's motion to alter or amend judgment (Doc. 271) is DENIED.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE