### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK HOLICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 6:16-cv-01188-JWB |
| | ) |
| JULIE BURKHART, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S UNTIMELY OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LISTS

On September 5, 2019—eight days after the Court's amended deadline—Plaintiff filed objections to Defendant's witness and exhibit lists. *See* ECF 330; ECF 331. These objections contain misstatements of the record that must be corrected.

**I.     Response to Misstatements in Plaintiff's Objections to Ms. Burkhart's Witness List.**

Ms. Burkhart intends to call Lee Thompson or Erin Thompson to testify to the procedural history of the underlying state court proceedings (the "State Action"), specifically the facts relevant to the termination in favor element of malicious prosecution. Although Ms. Burkhart had argued in her motion for summary judgment that termination in favor is a legal issue to be decided based on the state court record, this Court's May 16, 2019 summary judgment ruling held that the termination in favor issue is a factual question for the jury. ECF 270 at 14-18. Ms. Burkhart is therefore entitled to present evidence of the procedural history of the State Action. Defendant's witnesses with first-hand knowledge of what occurred in the State Action are Lee Thompson and Erin Thompson, the attorneys who represented Ms. Burkhart in the State Action. Because of their overlapping knowledge, it is likely that only one of these two witnesses will need to be called. Of the two, it would be more logical for Lee Thompson to testify, as he appeared for Ms. Burkhart in two key hearings in the State Action—in which the state court

granted Ms. Burkhart's motion to dismiss and denied Mr. Holick's request for attorney fees—that are relevant to the termination in favor issue.

Plaintiff objects to the inclusion of Lee Thompson and Erin Thompson on Ms. Burkhart's witness list on the ground that they were not "properly disclosed." ECF 330 at 1. Specifically, Plaintiff complains that Lee Thompson and Erin Thompson should have but were not disclosed as expert witnesses, that Erin Thompson should be stricken because Plaintiff was precluded from deposing her, and that Ms. Burkhart untimely disclosed both witnesses. Each of Plaintiff's arguments can be easily rejected, as they depend upon misstatements and mischaracterizations of the record.

First, contrary to Plaintiff's assertion, neither Lee Thompson nor Erin Thompson will be testifying as an expert at trial. Their testimony will be limited to the facts of what occurred in the State Action. They will not be offering opinions. That they served as attorneys in the State Action is what makes them witnesses as to what occurred in that case. Of course, they can be cross-examined on the basis that they have a prior relationship as attorneys for Ms. Burkhart, but under the Court's summary judgement ruling, having them testify about those facts is plainly not improper. Neither Lee Thompson (who has never even entered an appearance in this case) nor Erin Thompson (who was an attorney in this action for a time, but has now withdrawn[1]) will be representing Ms. Burkhart at trial. Accordingly, there is no comparison to Mr. McKinney, who seeks to play the role of a witness and an advocate at trial.

Second, Plaintiff's complaint that he was prevented from deposing Erin Thompson is

---

[1] Plaintiff contends, without support, that Erin Thompson withdrew her appearance in this case "to facilitate her appearance as a witness in this matter." ECF 330 at 1. To the contrary, Ms. Thompson withdrew her appearance because she accepted a job at the Federal Public Defender's office and is no longer permitted to represent Ms. Burkhart in this matter.

irrelevant. The record is clear that Plaintiff did "not seek to depose [Ms. Thompson] concerning [her] knowledge about the underlying state action after that action was commenced" but rather, he sought to depose her to inquire into privileged information concerning privileged discussions that she had with Ms. Burkhart prior to the filing of the PFS petition. ECF 190 at 2-3. That is why Magistrate Judge Gale correctly quashed that deposition. ECF 190 at 4-9. Here, in contrast, Ms. Burkhart intends on presenting Lee Thompson or Erin Thompson to testify about the course of the proceedings in the State Action—non-privileged facts that are essential for the jury to decide the termination in favor element of Plaintiff's claim.

Finally, contrary to Plaintiff's assertions, both Lee Thompson and Erin Thompson were properly disclosed as fact witnesses. Indeed, Plaintiff acknowledged his awareness of their role when he included in his own initial Rule 26 disclosures "all other associates of Burkhart, and other persons who helped her in her 'stalking' case against Pastor Holick." Ex. A.

Plaintiff also fails to inform the Court that both witnesses were explicitly disclosed by the parties. Plaintiff specifically listed Erin Thompson in his first supplemental Rule 26 disclosures, *see* Ex. B, and Ms. Burkhart specifically disclosed Lee Thompson. In light of the Court's summary judgment ruling that the termination in favor element of malicious prosecution is a factual question for the jury, Ms. Burkhart recognized that it will be critical to present evidence regarding the procedural history of the State Action. Thus, on June 21, 2019, Ms. Burkhart served Defendant's fourth supplemental Rule 26 disclosures identifying Lee Thompson and, in the cover email, explicitly informed Plaintiff's counsel that Lee Thompson would be on her trial witness list. *See* Ex. C. The disclosures told Plaintiff what he already knew—that Lee Thompson has "[i]nformation related to the procedural history of the underlying state action, *Burkhart v. Holick*, No. 13-DM-1453 (Kan. Dist. Ct., Sedgwick Cty.)." Ex. D. In further

3

correspondence with Plaintiff's counsel, Defendant elaborated further that the purpose of Lee Thompson's testimony was to offer non-privileged facts about what happened in the State Action in order to address the termination in favor issue.  *See* Ex. C.  While noting that "there is nothing about Mr. Thompson's testimony concerning what happened in the state action with which [Plaintiff's counsel] is not already intimately familiar and knowledgeable," Defendant offered to schedule a deposition of Mr. Thompson at a mutually convenient time.  *Id.*  That was in early July, more than two months ago.  Plaintiff's counsel never responded.

In short, Plaintiff did not and cannot claim prejudice or surprise by Mr. Thompson's disclosure, as he is aware that Mr. Thompson represented Ms. Burkhart in the State Action; Ms. Burkhart offered the deposition of Mr. Thompson but received no response; Mr. Thompson's testimony will be essential to the determination of the termination in favor element of Plaintiff's malicious prosecution claim; and there was no bad faith, as Ms. Burkhart realized the necessity of Mr. Thompson's testimony after reviewing the Court's summary judgment ruling.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (holding that a Rule 26(a) violation "was harmless under the factors we must consider").

Accordingly, the Court should reject Plaintiff's objections to Ms. Burkhart's witness list.

## II.      Response to Misstatements in Plaintiff's Objections to Ms. Burkhart's Exhibit List.

Plaintiff also misstates the facts in his objections to Ms. Burkhart's exhibit list. Specifically, he asserts that the publicly-available court filings from the divorce proceedings between Plaintiff and his ex-wife, Monica Holick, were untimely disclosed.[2]  That is not correct. Ms. Burkhart disclosed the filings from Plaintiff's divorce proceedings on several occasions:

---

[2] Plaintiff objects to certain additional exhibits on other grounds such as hearsay and prejudice, but because this brief is intended for correcting misstatements, Ms. Burkhart will respond to Plaintiff's remaining objections during the pretrial hearing and during trial as necessary.

4

- Ms. Burkhart's first supplemental Rule 26 disclosures identified all "[p]ublicly available information regarding Plaintiff . . ." as documents that might be used at trial. Ex. E. This disclosure more than sufficiently encompasses the publicly-available filings from Plaintiff's divorce proceedings.

- Ms. Burkhart's third supplemental Rule 26 disclosures also identified the "complete record . . . of each lawsuit, legal action, or investigation in which Mr. Holick . . . is a named party, subject, or target." Ex. F. This more narrow disclosure again includes Plaintiff's legal filings from his divorce proceedings.

- Ms. Burkhart's intention to use documents from Plaintiff's divorce proceedings were specifically conveyed in her second supplemental Rule 26 disclosures, which listed "Monica S. Holick" as a witness who could testify to "Mr. Holick's financial status and Mr. Holick's claimed damages," among other topics. Ex. G. Indeed, as addressed more fully in Ms. Bukhart's response to Plaintiff omnibus motion *in limine*, *see* ECF 315, the documents from Plaintiff's and Monica Holick's divorce proceedings are critical to Ms. Burkhart's defense against Plaintiff's demand for $1.2 million in damages in this case. Not only are these document eminently relevant, it would be highly prejudicial to Ms. Burkhart if she were prevented from presenting to the jury the true cause for Mr. Holick's claimed damages.

- Ms. Burkhart even filed a notice of deposition for Monica Holick. *See* ECF 198. Although Plaintiff moved to quash the deposition and Ms. Burkhart withdrew the deposition notice to avoid burdening the Court and the third party, Plaintiff was plainly on notice of Ms. Burkhart's intent to rely on information from the divorce proceedings in her defense against Mr. Holick's damages claim.

In light of the above, Plaintiff cannot claim any surprise that publicly-available documents from Plaintiff's divorce proceedings are included on Ms. Burkhart's exhibit list.[3]

---

[3] Plaintiff's accusation that Ms. Burkhart "has engaged in the tactic of indiscriminately dumping huge amounts of documents on Plaintiff" is likewise misleading. As Plaintiff notes, a large proportion of Ms. Burkhart's exhibit list consists of publicly-available files from Plaintiff's divorce proceedings, which as explained above, have been timely disclosed. Plaintiff does not complain of any other documents that have been allegedly inadequately disclosed.

As for Plaintiff's reference to Ms. Burkhart's production of 20,000 pages of social media posts, Ms. Burkhart had objected to Plaintiff's document requests as overly broad and produced those documents to fulfill her discovery obligation. Magistrate Judge Gale even noted that "[i]t is nonsensical for Plaintiff to submit discovery requests that include document requests that he all but characterizes as irrelevant and then complain that the responsive documents produced contain an abundance of documents with a 'remote connection' to the events at issue in this litigation." ECF 146.

Dated: September 12, 2019                    Respectfully submitted,

/s/ *Robert V. Eye*

Robert V. Eye SC#10689
Robert V. Eye Law Office
4840 Bob Billings Pkwy, Suite 1010
Lawrence, Kansas 66049
785-234-4040
785-749-1202 (fax)

John E. Hall*
Jennifer L. Saulino*
Elizabeth A. Saxe*
Julia F. Post*
Marianne F. Kies*
Annie X. Wang*
Amanda A. Humphreville*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
(202) 662-6291 (fax)
jhall@cov.com
jsaulino@cov.com
esaxe@cov.com
jpost@cov.com
mkies@cov.com
awang@cov.com
ahumphreville@cov.com

*\*Admitted Pro Hac Vice*

*Counsel for Julie Burkhart*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of September 2019, I electronically filed the foregoing and any exhibits with the clerk of court using the CM/ECF system, which will send a notice of electronic filing and a copy of the filing to all counsel of record.

                                                      /s/ *Robert V. Eye*
                                                      Robert V. Eye