IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HOLICK,                           )
                     Plaintiff,    )
v.                                     )      No. 16-cv-1188-JWB
                            )
JULIE A. BURKHART,                     )
                     Defendant.    )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
TRIAL MANAGEMENT ORDER AND PLAINTIFF'S OBJECTION
TO ARBITRARY TIME LIMITS**

Plaintiff objects to Defendant's motion for a trial management order and respectfully requests that it be denied. Defendant's motion requests that both parties be accorded equal trial time in the presentation of their evidence. Plaintiff shows the Court that the motion is unnecessary; problematic and unworkable; illogical and unfair; and would severely prejudice Plaintiff in the presentation of his case and in meeting all of the required elements of his cause of action. Plaintiff has the burden of proof, not Defendant. Plaintiff also objects to any and all arbitrary time limits imposed on his case.

**I.      DEFENDANT'S MOTION IS UNNECESSARY.**

Defendant fails to show that a "trial management" order is necessary. In formulating the Pretrial Order, the parties agreed to seven days for trial. (ECF 246, p. 17.)[1] The Court, *sua sponte*, reduced the trial time to five days. Now Defendant wants to take more time from Plaintiff. But Defendant's own authority recognizes that necessity is a prerequisite for such an order: "A district court should impose time limits ***only when necessary***, after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, ***as well as their estimates of trial time***." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3rd Cir. 1995)

---

[1]The Pretrial Order "controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice." (ECF 246, p. 1.)

(emphasis added). "Without such a process, time limits would inherently be arbitrary." *AC v. AC*, 339 P.3d 719, 741 (2014) (Pollack, J. concurring), *citing Duquesne Light*, 66 F.3d at 610. "At a minimum, the setting of time restrictions requires a case-by-case approach." 339 P.3d at 741.

The other case Defendant cites noted that a court's "exercise of discretion" to impose fixed time limits is "appropriate in ***protracted litigation*** provided that witnesses are not excluded on the basis of mere numbers. [Citation omitted.] Moreover, . . . the time limits should be sufficiently flexible to accommodate adjustment if it appears during trial that the court's initial assessment was too restrictive." *MCI Communications Corp. v. American Tel. and Tel. Co.*, 708 F.2d 1081, 1171 (7th Cir. 1983) (emphasis added). Both cases permitted the plaintiff much more time than is at issue here. The *MCI* court allotted the plaintiff twenty-six (26) days to present its evidence. *Id.* at 1172. *Duquesne Light* allocated twenty-two (22) days to each side to present its case. (66 F.3d at 609.)

Here, fixed time limits are unnecessary for other reasons. The Court is well able, on its own, to keep either party from unnecessarily prolonging the proceedings, presenting cumulative witnesses, or otherwise consuming an inordinate amount of time through stalling tactics or improper delay. Plaintiff is working diligently to streamline the presentation of his case, and to reduce the number of witnesses he will call and the amount of evidence he will present. At this time, there is no indication that further truncation of this case, or additional time limits, are needed, particularly in light of the problems posed by the proposed trial management order, discussed below.

## II.     DEFENDANT'S MOTION IS PROBLEMATIC AND UNWORKABLE.

Defendant's proposed order is neither practicable nor feasible. It requires some member of the Court staff to act as a timekeeper. The timekeeper must record, for each party, the "time that a party spends presenting opening statements, examining or cross-examining witnesses, presenting

evidence by reading or playing a deposition transcript, or otherwise presenting argument on behalf of a party."[2] (ECF 335, p. 1.)  Also, the timekeeper must time every objection and keep track of the time spent on the different ways the objection is handled, along with the results of each objection: "[W]hen an objection to the examination or cross examination of a witness takes more than one minute to resolve, the full time taken to resolve the objection [will] be charged to the objecting party if the objection is overruled, and [to] the examining party if the objection is sustained."[3] (*Id.*, pp 1, 2.)

The Tenth Circuit has held that it can "be an abuse of the trial court's discretion to exclude probative, non-cumulative evidence simply because its introduction will cause delay, and any time limits formulated in advance of trial must be fashioned with this in mind.  Such limits should be sufficiently flexible to accommodate adjustment if it appears during trial that the court's initial assessment was too restrictive." *U.S. v. Schneider*, 594 F.3d 1219, 1228-29 (10th Cir. 2010), *citing Life Plus Int'l v. Brown*, 317 F.3d 799, 807 (8th Cir.2003).

Similarly, the Eight Circuit has joined the Seventh Circuit in disapproving rigid time limits such as those suggested here. *Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987), *citing Flaminio v. Honda Motor Co., Ltd.*, 733 F.2d 463, 473 (7th Cir.1984) ("disapproving a rigid hour limitation involving a time-keeping method 'almost as complicated as in a professional football game.'")

The proposed order also appears to include assigning time for motions that a party may make during trial, at least when the motion involves "presenting argument on behalf of a party."  It is unclear how break time, or motions regarding basic housekeeping issues, might be tabulated.

---

[2] Plaintiff's counsel objects to any time keeper that is not impartial and objects to being required to keep or monitor time, as counsel will be fully occupied presenting their client's case.

[3] This proposal would result in rewarding disproportional additional time to the party who makes the most objections that are sustained by the Court.

3

**III.     DEFENDANT'S MOTION IS ILLOGICAL AND UNFAIR.**

Defendant insists on equal time for both parties. The underlying weakness in that request is that it is based on a flawed view of the trial process and our system of justice. It assumes that it is logical and fair to give each side an equal amount of time to present their evidence when each side has differing evidentiary burdens. Plaintiff has the burden of proof. Defendant has no such burden. Plaintiff must establish each of five separate and distinct elements of his claim, with substantial, competent evidence. If Plaintiff fails on even one element, Defendant wins without doing anything.

To establish an action for malicious prosecution, a plaintiff is required by law to prove: (1) that the defendant initiated, continued, or procured civil procedures against the plaintiff; (2) that the defendant in so doing acted without probable cause; (3) that the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based; (4) that the proceeding terminated in favor of the plaintiff; and (5) that the plaintiff sustained damages. *Nelson v. Miller*, 227 Kan. 271, 276, 607 P.2d 438, 443 (1980). Plaintiff also has a claim for punitive damages, which will require additional trial time.

Defendant can win without lifting a finger. If Plaintiff fails to prove any single element of the five, the result is a defense verdict. Defendant may win with as little as one well placed objection or one evidentiary ruling against Plaintiff. A directed verdict against Plaintiff may be entered merely by default if Plaintiff fails to prove even one element. In contrast, a directed verdict in favor of Plaintiff, particularly in a case which requires proof of five distinct elements, is extremely unlikely.

Anyone with minimal experience arguing topics where one party has the affirmative burden of proof and the other party takes a negative position that does not require proving anything, knows that it is far easier and less time consuming to be on the negative side of a proposition. Also, it is

4

much easier and requires less time to effectively challenge proposed evidence, question it, or lodge negative attacks against it – such as objections to foundation, relevance, or admissibility – than it takes to establish evidentiary points with competent evidence that complies with all the rules of evidence. It is far less laborious and time intensive to tear something down than to build it.

## IV. DEFENDANT'S MOTION WOULD SEVERELY PREJUDICE PLAINTIFF.

Defendant's proposed time restrictions increase the risk of severe prejudice to Plaintiff by interfering with Plaintiff's ability to sufficiently and clearly present all the evidence necessary to prove each element of his case. In *Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425 (D.C. Cir. 2002), a party was prevented by time limits from calling witnesses on the issue of damages for malicious prosecution. The court held "this demonstration of prejudice is enough. Accordingly we find an abuse of discretion by the district court, and reverse and remand for a new trial." *Id* at 434.

In another case, the District of Columbia Circuit "closely examined the entire record" to "genuinely sympathize with the district court's valiant efforts to control the trial phase of this case. Under the circumstances, however, the court's desires to order the trial and to keep it within reasonable time limits . . . worked prejudice to plaintiff's attempts to justify its action against Black individually." *Labadie Coal Co. v. Black*, 672 F.2d 92, 100 (D.C. Cir. 1982). "[T]he chances that the court's dismissal might work substantial injustice may not be ignored. For this reason, and for reasons outlined above, the order of the district court dismissing the case against defendant Black is vacated, and the case is remanded to the trial court . . ." *Id*.

Various state courts are in accord. The Court of Appeals of Michigan reversed a trial court, finding that it abused its discretion by imposing an "utterly arbitrary" time limit "unrelated to the nature and complexity of [the] case or the length of time consumed by other witnesses." *Barksdale*
5

*v. Bert's Marketplace*, 797 N.W.2d 700, 703, 289 Mich. App. 652 (2010). Arbitrary time limits can violate a party's due process rights and erode public confidence, as an Iowa appellate court observed:

> [A]rbitrary, inflexible time limits can impose a serious threat to due process principles. Justice cannot always be achieved within the orderly environment of an assembly line. The importance of evidence is often not understood until all the evidence is heard. Thus, ***judges must not sacrifice their primary goal of justice by rigidly adhering to time limits in the name of efficiency*** . . . Furthermore, public confidence in the justice system tends to become tarnished when a trial concludes without an opportunity for the parties to present all the evidence they believe to be important.

*In re Marriage of Ihle*, 577 N.W.2d 64, 68 (Iowa Ct. App. 1998) (emphasis added); *see also AC v. AC*, 339 P.3d 719, 729, 134 Hawai'i 221, 231 (2014) (same, holding lower court abused its discretion when it denied a litigant's motion for additional trial time to present evidence.)

The Hawai'i court vacated the judgment of the trial court, rejecting "rigid time limits [that] do not appear to reflect an informed analysis of the time necessary to afford each party a full and fair opportunity to present their case." 339 P.3d at 732 (2014), *citing Marriage of Finer*, 893 P.2d 1381 (Colo. App. 1995) (litigants are entitled to have sufficient time to make an orderly presentation of their case, regardless of overcrowded dockets and a trial court's obligation to move matters before it as rapidly as possible); *In re Marriage of Ihle*, 577 N.W.2d at 67–68 ("discretion to manage trials is always constrained, in a large part, by due process principles requiring all litigants in the judicial process to be given a fair opportunity to have their disputes resolved in a meaningful manner").

Automatic time limits set without explanation or analysis are an abuse of discretion. Any trial "time limits must be based upon an informed analysis of the time necessary to afford the parties a full and fair opportunity to present their case." *AC v. AC*, 339 P.3d at 732. Arbitrary time limits set before trial undermine the integrity of the trial proceedings. *Id.* at 733 (2014) (Pollack, J., concurring).

As noted above, the Tenth, Eighth, Seventh, and Third Circuits have all recognized the need to ensure a party has sufficient time to make an orderly presentation of their evidence. The Fifth Circuit Court of Appeals has also weighed in on time limits for trials: "A trial is . . . designed to be a search for the truth. [Citation omitted.] The rules . . . that govern how trials are conducted . . . were conceived to aid the participants in performing . . . this search for the truth." *Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996). "Essential to the endeavor is an opportunity for the parties . . . to present information in a manner that is comprehensible to a judge or jury." *Id.* "[I]f the goal of expediency is given higher priority than the pursuit of justice, then the bench and the bar both will have failed in their duty to uphold the Constitution and the underlying principles upon which our profession is founded." *Id.*

"When the manner of the presentation of information to a jury is judicially restricted to the extent that the information becomes incomprehensible then the essence of the trial itself has been destroyed." *Id.* "In this jury trial, we are persuaded that the methodology imposed on this trial by the court and the restrictions that were placed on the lawyers regarding the manner of the presentation of evidence adversely impacted on the comprehensibility of the evidence to the point that Sims was denied a trial." *Id.*

In addition, the Ninth Circuit has "generally disfavored" the imposition of "rigid" time limits on trials, and the "reasonableness [of any time limits must be] "evaluated . . . in the context of the entire trial." *De Orzan v. U.S.*, 1998 WL 234507 at *1 (9th Cir. 1998) *citing Monotype Corp. PLC v. International Typeface Corp.*, 43 F.3d 443, 450-51 (9th Cir. 1994) ("A crowded docket does not justify an infringement on the right to reasonably develop a case . . ."). The Seventh Circuit, as noted above, has also disapproved of rigid time limits. *Flaminio*, 733 F.2d at 473; *McKnight v. General*

7

*Motors Corp.*, 908 F.2d 104 (7th Cir. 1990).  "[T]o impose arbitrary limitations, enforce them inflexibly, and by these means turn a federal trial into a relay race is to sacrifice too much of one good—accuracy of factual determination—to obtain another—minimization of the time and expense of litigation." *McKnight*, 908 F.2d at 115.

"Rigid time limits without flexibility, depending on what takes place at trial, are 'inappropriate.'" *AC v. AC*, 339 P.3d at 743 (Pollack, J., concurring), *citing* Weinstein's FEDERAL EVIDENCE § 611.02[2][b][ii], *citing Ashby*, 808 F.2d at 678 (8th Cir). "[T]he risk of arbitrariness . . . should be avoided in the face of fundamental liberty interests. [A] trial court may abuse its discretion when it excludes non-cumulative, probative evidence because its introduction would take longer than the court had set aside for trial." 339 P.3d at 740 (Pollack, J., concurring), *citing* Weinstein's FEDERAL EVIDENCE § 611.02[2][b][ii].

While "[t]ime limits on the presentation of evidence may be imposed to avoid wasting time and to ensure that a case is speedily and efficiently heard," the underlying rule, FRE 611, "does not empower the court to use those restrictions to limit non-cumulative, probative evidence." *Id.* at 737. The plain language of FRE 611(a) "indicates that the rule is focused upon the management by the court *during* the *ongoing* proceedings before it: 'The court should exercise reasonable control over the mode and order of *examining* witnesses and *presenting* evidence." *Id.* (Emphasis added). The Advisory Committee Notes states that FRE 611(a) applies to the general form of the actual testimony and that many "questions arising during the course of a trial . . . can be solved only by the judge's common sense and fairness in view of the *particular circumstances*." Thus, Rule 611 authorizes "the court to control the litigation during trial, but provides no express authorization for a broad exercise of control prior to trial." *Id.* at 737.  "The rules of evidence authorize a court to control the

pace of trial but do not expressly authorize time limits prior to trial." *Id*. at 736.

"Use of inherent authority of the court raises the additional problem that clear procedural protections are not provided to litigants." 339 P.3d at 740 (Pollack, J., concurring). "Time limits 'by their very nature … can result in courts dispensing with the general practice to evaluate each piece of offered evidence individually.'" *Id*., *citing Duquesne Light Co*. 66 F.3d at 609–610. (3d Cir.1995).

## V.   PLAINTIFF'S OBJECTION TO TIME LIMITS.

In order to preserve these issues for appeal, Plaintiff hereby objects to the arbitrary time limits proposed by Defendant in her motion. For reasons explained above, such time limits would be highly prejudicial to Plaintiff's ability to present his evidence and establish all of the required elements of his cause of action and his claim for punitive damages in the limited time allotted for trial. For the same reasons, Plaintiff also objects to the time limits unilaterally imposed by the Court in reducing trial time from seven days to five days. The parties agreed at pretrial that seven days were needed for trial and that amount of time was placed in the Pretrial Order.

These time limitations deny Plaintiff sufficient time to have a fair opportunity to present his case to the jury in a comprehensible, organized, and meaningful manner. They create a probability that some highly relevant and probative evidence will be excluded. As a preliminary offer of proof, Plaintiff offers the statement of facts and supporting exhibits provided in his response (ECF 262) to Defendant's motion for summary judgment (ECF 249). Plaintiff also offers the statement of uncontroverted facts and supporting exhibits included in his motion for summary judgment in the state action, previously provided to Defendant in that matter. (See Exhibit 1.)

**In conclusion**, the Court controls the case from the bench, during trial. Defendant's motion is unnecessary and problematic. Defendant's motion for a trial management order should be denied.

Respectfully submitted,
/s/ Donald A. McKinney
**Donald A. McKinney KS #13415**
3122 N. Cypress Drive, #500
Wichita, Kansas 67226; (316) 686-1477
damlaw@mckinneylawfirm.info

**Martin Cannon, NE #18769**
*Pro Hac Vice*
10506 Burt Circle
Suite 110
Omaha, Nebraska 68114
1-712-545-9433
mcannonlaw@gmail.com
*Attorneys for Plaintiff Mark Holick*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 15th day of September, 2019, a true and correct copy of the above and foregoing was filed electronically using the federal courts' CM/ECF system, which will cause service to be made on all attorneys of record.

/s/ Donald A. McKinney
Donald A. McKinney KS #13415