IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARK HOLICK, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 16-cv-1188-JWB |
| | ) | |
| JULIE A. BURKHART, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO BIFURCATE TRIAL
AND REQUEST FOR EXPEDITED BRIEFING AND HEARING**

Rule 42(b) of the Federal Rules of Civil Procedure grants trial courts discretion to select specified issues and decide them before proceeding to other matters in the same case where bifurcation will further convenience or avoid prejudice, or when separate trials will be conducive to expedition and economy. "District courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Mandeville v. Quinstar Corp.*, 2004 WL 1571087 at **2 (10th Cir. 2004) (holding bifurcation appropriate when done to further convenience, to avoid prejudice, or when separate trials promote economy.)

Plaintiff respectfully requests bifurcation of the issues of liability and damages. The first few days of trial would be used to determine liability. Then, if necessary, the next two or three days would deal with damages.[1] Bifurcation would (1) enhance judicial economy, expedite the trial, and add convenience for the jury, Court, and parties; (2) lessen juror confusion on complex issues, such as the different definitions of malice and differing evidentiary standards for malicious prosecution and for punitive damages, respectively; and (3) avoid or reduce prejudice to the parties likely to result from mingling liability issues with damages evidence, including evidence supporting Holick's claim for punitive damages and Burkhart's evidence on alternative causes of damages.

---

[1] Of course, Plaintiff cannot control how much time Defendant will spend on her defense.

I.  **In This Case, Bifurcation Promotes Judicial Economy, Expedition and Convenience.**

The Court has advised the parties that this case should be tried in five days. Defendant is confident that she will prevail on such liability issues as probable cause and lack of malice. If true, it is inefficient to waste the time of jurors, the Court, and the parties on the presentation of evidence on damages and their causation. Plaintiff's case, and the testimony of Plaintiff, could be cut in half. Defendant would also save time. Her testimony could be shortened if evidence on punitive damages issues is not needed. She has also complained that Plaintiff's damages witnesses are cumulative.

If Defendant prevails on even one liability issue in the initial phase of trial, evidence on damages is out. The jury can go home. "The jury would not need to consider these issues . . . which would save trial time and the expense of putting on the additional evidence. If a second phase becomes necessary, no duplication of evidence would be required because the same jury would hear both phases of trial." *Scheufler v. General Host Corp.*, 895 F.Supp. 1411, 1414 (D. Kan. 1995) (bifurcating punitive damages.)

"Bifurcating trial of this matter would be conducive to judicial economy and efficiency." 895 F.Supp. at 1414. "The plaintiffs argue that time will be saved only if the defendant prevails at the first stage of trial. However, it is always the case when issues are tried separately that the time and expense saved depends on the jury's findings at the first stage." *Id*.

This Court has previously bifurcated trials when bifurcation would "advance the interests of judicial efficiency and litigant economy . . . A separate trial will not delay this action because the second trial . . . can be presented immediately after a decision on the [bifurcated issue]. *Dixon v. Certainteed Corp.*, 166 F.R.D. 487, 489 (D. Kan. 1996). In a malicious prosecution case, this court bifurcated the issues of liability and damages, reserving the determination for later, pending a finding

of liability. *Crow v. U.S.*, 659 F.Supp. 556, 574 (D. Kan. 1987). See also *Gibbons v. Lambert,* 358 F.Supp.2d 1048, 1052 (D. Utah 2005)(bifurcation in case involving claim for malicious prosecution.)

Recently, Judge Marten bifurcated a trial, authorizing separate trials on the issues of liability and on damages, in *National Railroad Passenger Corp. v. Cimarron Crossing Feeders*, 2019 WL 1014727 at *1 (D. Kan. 2019). The court made a "pragmatic decision" and granted the motion to bifurcate to "reduce overall trial time, simplify decision-making for the jury, and further interests of convenience." *Id*. The court noted that the movants had represented that "[t]he liability and damages issues in this case are truly distinct" and the plaintiffs represented that "the liability determination could even obviate the need for damages determinations altogether." *Id*. *See also Bendis v. Hartford Acc. & Indem.*, 1993 WL 463617, at *2 (D. Kan. 1993) (trial bifurcated as to liability and damages).

The Tenth Circuit has also upheld bifurcation of liability and damages, even when the order for bifurcation was entered the same day as trial. *Paul v. City of Altus*, 1998 WL 94606, at *3 (10th Cir. 1998). *See also Starr v. QuikTrip Corporation*, 726 Fed.Appx. 692, 696 (10th Cir. 2018) (district court bifurcated the trial into a liability phase and a damages phase); *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1149 (10th Cir. 1992) (trial bifurcated into liability phase and damages phase).

Here, the issues of liability and damages are distinct issues. It is not a case where evidence of Plaintiff's injuries must be presented to show how the injury occurred, intertwining both liability and damages. Nor is bifurcated discovery involved. Discovery is complete.

Defendant seeks to limit the testimony of Plaintiff's damages witnesses Donald McKinney (attorney fees) and expert witness Craig Shultz, in separate motions in limine. This testimony would not come in the first phase of a bifurcated trial, and would be completely omitted if Defendant prevails on any liability issue. Plaintiff would save money on expert witness fees. Defendant's

damages expert Paul McCausland would also be out, saving Defendant time and money.

Similarly, Plaintiff seeks to limit testimony by Defense attorneys Erin Thompson and Lee Thompson. While the subject of their testimony has yet to be revealed to Plaintiff, whatever testimony they could give on Plaintiff's attorney fees or on the strategy used by Holick's attorney in the underlying case might be rendered completely unnecessary by bifurcation. Any evidence related to punitive damages would also be avoided with a defense verdict on liability. The would include evidence on clinic finances, which Defendant seeks to exclude.

Finally, Defendant recently filed an exhibit list of four hundred and fifty-five (455) exhibits. Most had never been disclosed before, in any manner. Most of the 455 exhibits are for the purpose of arguing alternative causality of Plaintiff's damages, including over two-hundred and fifty concerning Plaintiff's divorce proceedings. These exhibits, if allowed, should not be permitted to distort the trial process on the issues of liability. Bifurcation could render them irrelevant.

**II.    Bifurcation Would Reduce Jury Confusion by Simplifying the Issues.**

Currently, Plaintiff must establish five separate elements, as well as a case for punitive damages, in a single proceeding. Bifurcation would reduce the first phase of trial to four issues, (1) that Defendant initiated, continued, or procured civil procedures against Plaintiff; (2) that Defendant, in so doing, acted without probable cause; (3) that Defendant acted with malice; and (4) that the proceeding terminated in favor of Plaintiff.

Bifurcation would reserve resolution of the issues of general damages, punitive damages, their causation, and their amounts, to the second phase of the trial. Such simplification would greatly reduce the risk of juror confusion. "Trial of the punitive damages issue would require different witnesses and different exhibits." *Scheufler*, 895 F.Supp. at 1414. "Dealing with these issues in

separate trial phases will reduce confusion." *Id*.

"The determination of liability for punitive damages involves other issues, most importantly the wanton and malicious nature of defendant's conduct toward the plaintiffs." *Id*. With bifurcation, each phase would involve a different definition of "malice," with a different jury instruction, rather than having both definitions of malice mixed into a single proceeding.

For punitive damages, the jury will be instructed: "The plaintiff must prove by clear and convincing evidence that the defendant acted in a *(willful) (wanton) (fraudulent) (malicious)* manner toward plaintiff. Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable." PIK 4th 171.44. "Malice" in this context is defined as "the intent to do harm without any reasonable justification or excuse." PIK 4th 103.05.

But for liability for malicious prosecution, the element of "malice" is more relaxed. Malice as an essential element of malicious prosecution "is not restricted to the personal hatred, spite, or revenge of the one who institutes the prosecution." In that context, "malice" merely means that Defendant "acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." *Nelson v. Miller*, 227 Kan. 271, 276, 607 P.2d 438, 443 (1980). *See also* Comment to PIK 4th 127.32.

Similarly, the evidentiary standard for malicious prosecution is different than for punitive damages. The liability claim merely requires proof by a preponderance of the evidence. Punitive damages require that a plaintiff must prove the claim "by clear and convincing evidence ." K.S.A. 60–3702(c); PIK 4th 171.44. When malicious prosecution and punitive damages are tried in a single proceeding, the risk is high that one or more jurors will be confused by differing definitions of "malice," or the differing evidentiary standards. Such confusion is easily remedied with bifurcation.

5

### III. Bifurcation Avoids Prejudice for Both Parties by Removing Damages Evidence From Jury Consideration During the Liability Phase of the Trial.

"Bifurcation would also prevent possible prejudice to the defendant. As noted above, some evidence which is irrelevant to [liability issues] is highly relevant to the issue of [damages and] .punitive damages.  Presentation of such evidence only after a determination of [liability] would eliminate any possibility that the jury could consider the evidence for an improper purpose." *See Scheufler v. General Host Corp.*, 895 F.Supp. 1411, 1414 (D. Kan. 1995) ("the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial.") Here, both Plaintiff's evidence concerning damages, especially punitive damages, and Defendant's evidence of alternate causes of the damages, carry a high risk of prejudice if intermingled with liability.

Plaintiff has conferred with Defendant, and she refuses to agree to this motion.  Because trial is less than two weeks away, Plaintiff requests an expedited briefing on this motion, with any opposition due Monday, September 23 and ahearing at the Court's earliest convenience.

Respectfully submitted,
  /s/ Donald A. McKinney
Donald A. McKinney KS #13415
3122 N. Cypress Drive, #500
Wichita, Kansas 67226; (316) 686-1477
 damlaw@mckinneylawfirm.info

Martin Cannon, NE #18769
*Pro Hac Vice*
10506 Burt Circle, Suite 110
Omaha, Nebraska 68114
1-712-545-9433
mcannonlaw@gmail.com
*Attorneys for Plaintiff Mark Holick*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 17th day of September, 2019, a true and correct copy of the above and foregoing was filed electronically using the federal courts' CM/ECF system, which will cause service to be made on all attorneys of record.

    /s/ Donald A. McKinney
Donald A. McKinney KS #13415