IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARK HOLICK,

                    Plaintiff,

v.                                                      Case No. 16-1188-JWB

JULIE A. BURKHART,

                    Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for new trial. (Doc. 390.) The motion

is fully briefed and is ripe for review. (Docs. 392, 393.) For the reasons stated herein, the motion

for new trial is DENIED.

**I.  Standard on motion for new trial**

After a jury trial, a motion for new trial may be granted "for any reason for which a new

trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

"Such a motion is 'generally not regarded with favor, and is granted only with great caution.'"

*Smith v. Cochran*, 182 F. App'x 854, 864 (10th Cir. 2006) (quoting *United States v. Perea,* 458

F.2d 535, 536 (10th Cir. 1972)). "The party seeking to set aside a jury verdict must show either

trial error which constitutes prejudicial error or that the verdict was not based on substantial

evidence." *Id.* (citing *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983)). *See also*

*Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) ("A new trial cannot be

granted unless the error was prejudicial and affects the party's substantial rights.")

## II.  Discussion

Plaintiff asserts two main arguments in his motion for new trial.  First, he contends he was prejudiced by Defendant's "repeated references to the murder of Dr. George Tiller" and by references to "unrelated, inflammatory acts" by other persons.  (Doc. 390 at 1.)  Second, Plaintiff argues the court improperly instructed the jury "to ignore definitions and defenses provided by the Kansas stalking statute."  (*Id.* at 9.)

Plaintiff's first argument fails to acknowledge that the circumstances of Dr. Tiller's murder, as well as violent acts by other protesters against other abortion providers, met the test for relevancy notwithstanding Plaintiff's lack of involvement in those incidents.  Under the applicable rule, evidence is relevant if it has "*any* tendency to make a fact more or less probable" if the fact is of consequence in determining the action. Fed. R. Evid. 401 (emphasis added.) Defendant's asserted fear at the time she made the stalking allegations was a fact of consequence to the jury's determination of the malicious prosecution claim, both as to the elements of probable cause and malice. Probable cause "is a state of mind in which the facts are regarded from the point of view of the prosecuting party, and the question is not what the actual facts were, but what the prosecuting party honestly believed them to be when the prosecution was initiated." 52 Am. Jur.2d *Malicious Prosecution* § 55 (West 2011).[1]  Malice means initiating or maintaining an action primarily for a purpose other than that of securing the proper adjudication of the claim. *In re Landrith*, 280 Kan. 619, 647, 124 P.3d 467, 485 (2005).  The evidence now challenged by Plaintiff had some tendency to make it more probable that Defendant was genuinely concerned for her safety as a result of

---

[1] As the above statement indicates, probable cause "depends, not on the actual facts of the case, but upon the honest belief of the party commencing the prosecution or making charges against another in the guilt or liability of the accused."  52 Am. Jur.2d *Malicious Prosecution* § 55.  Thus, the fact that Defendant may have mistakenly believed that Plaintiff engaged in certain actions that were actually done by others was not dispositive of the malicious prosecution claim.

Plaintiff's actions and that she pursued the stalking action for the purpose of obtaining a proper adjudication of that claim. Evidence of a known history of violent acts by other demonstrators against other abortion providers would tend to make it more probable that Defendant's asserted fear arising from Plaintiff's protest activity at or near her home was real and objectively reasonable.

With respect to the evidence relating specifically to Dr. Tiller, that evidence bore a relation to the allegations of stalking made by Defendant. Defendant testified about Plaintiff's distribution of what she considered a "wanted style" flyer with her name, picture, and address on it, and which accused her (among other things) of responsibility for mass murder. At trial, Defendant said the flyer caused her concern in part because she knew Plaintiff had posted messages about Dr. Tiller after his murder, including one about reaping what he had sown, which Defendant understood to mean "he got what he deserved." (*Id.* at 80.) Defendant's protection-from-stalking ("PFS") petition listed the distribution of the flyer as an incident supporting the stalking claim. Defendant also testified about the "Where Is Your Church" sign, which was allegedly directed at her house during protests.[2] Defendant said she considered the sign an implied threat because Dr. Tiller had been murdered in his church by an anti-abortion protester. (*Id.* at 110-11.) That allegation was also included in the PFS petition. Evidence about Dr. Tiller was thus directly tied to the stalking petition and to Defendant's asserted basis for her stalking claim. For his part, Plaintiff denied that anything he or others did was intended to be or could be reasonably construed as a threat. But that was a question of fact for the jury to determine. For purposes of malicious prosecution, the key issue was whether Defendant reasonably believed her stalking allegations. In deciding that issue, the jury was entitled to judge the significance of Plaintiff's actions and the objective

---

[2] At trial, Plaintiff said it was unlikely but possible that he displayed this sign on Douglas Avenue during the first protest in Defendant's neighborhood. (Doc. 373 at 100.) He also testified he brought signs to the demonstrations, including the "Where is Your Church" sign, and provided the signs to other demonstrators. (*Id.* at 105.)

reasonableness of Defendant's alleged fear against a background of known incidents involving other protesters and abortion providers. In sum, Plaintiff has failed to show that the admission of this evidence constituted error. The court also rejects Plaintiff's contention that admission of this evidence was unfairly prejudicial or somehow deprived him of a fair trial. Both sides were given a full and fair opportunity to present their evidence and to make their arguments to the jury. Plaintiff was able to freely argue that Defendant's fear was an exaggerated or personal response to Dr. Tiller's murder and that it was not the response of a reasonable person. In the context of the extensive trial and testimony, the court sees nothing to suggest that the admission of evidence about Dr. Tiller or other abortion providers deprived Plaintiff of a fair trial.

Plaintiff's second main contention is that the court improperly instructed the jury "to ignore definitions and defenses provided by the Kansas Stalking Statute." (Doc. 390 at 9.) This is a misrepresentation of the instructions, which did not direct the jury "to ignore" provisions of the statute. The court instructed the jury they were "not here to decide whether Mr. Holick's actions constituted stalking … or … were protected by the First Amendment," but to "determine whether Mr. Holick has shown the elements of malicious prosecution…." (Doc. 382 at 13.) That was undoubtedly a correct and permissible statement. It would have been counterproductive, confusing, and a waste of time for the jury to attempt to determine whether Plaintiff's actions constituted stalking under the Kansas statute when that was not an essential element of the claim in this case.[3] The court notes that in arguing to the contrary, Plaintiff continues to conflate the merits of the stalking claim and the merits of the malicious prosecution claim, as he has done throughout this case. For example, Plaintiff previously proposed that the jury be instructed that if

---

[3] A jury determination on the merits of stalking would have been dispositive of the malicious prosecution claim *only* if the jury found Plaintiff had actually engaged in stalking. Such a finding would have necessarily shown there was probable cause for the stalking claim, and thus negated an element of malicious prosecution. On the other hand, a finding that Plaintiff did not engage in stalking would not have resolved any of the elements of malicious prosecution.

it found Plaintiff's actions "consisted of Constitutionally protected activity, you must find that his conduct was not 'stalking' as defined by the Kansas statute, and proceed to determine his damages." (Doc. 355 at 2.) Prevailing on the stalking claim, however, would not equate with proving malicious prosecution because even a conclusion by the jury that Plaintiff did not engage in stalking would have left unanswered the crucial question of whether Defendant had *probable cause to believe* that Plaintiff had stalked her, which is the relevant inquiry for a claim of malicious prosecution. Plaintiff continues to ignore or confuse the distinction between the two actions. In his reply brief, he refers to the state court order denying his motion to dismiss the stalking action and argues this court "should vacate the state order …." (Doc. 393 at 3.)

Plaintiff has not shown that the instructions were erroneous or deprived him of a fair trial. As indicated in the Restatement, probable cause exists when the person who initiates or continues a civil proceeding reasonably believes in the existence of the facts on which the claim is based and reasonably believes that under those facts the claim may be valid under the applicable law. *Restatement (Second) of Torts* § 675. As to the first part of this test – a reasonable belief in the existence of the facts alleged – the court's instructions covered that provision almost verbatim, and Plaintiff was able to present evidence and argue to the jury that Defendant knowingly fabricated her stalking allegations. (Doc. 382 at 8.) As to the second part of the test – a reasonable belief that the law may allow recovery on the facts alleged – the state court effectively precluded Plaintiff from proving that element when it denied Plaintiff's motion to dismiss the stalking petition and found the allegations would support a stalking claim under Kansas law. Plaintiff is correct insofar as he argues the court "effectively granted summary judgment" to Defendant on this issue. (Doc. 390 at 11.) The state court's ruling meant Plaintiff was unable to prove the lack of reasonable belief that the stalking claim could be valid under the facts alleged; that is to say, how can

Defendant's belief that she stated a claim for stalking be unreasonable when a state court judge concluded that, if proven, her allegations would entitle her to relief? *Cf. Restatement (Second) of Torts* § 675, cmt. e ("In determining probable cause for initiation of civil proceedings, all that is necessary is that the claimant reasonably believe that there is a sound chance that his claim may be held legally valid upon adjudication.") This distinction between Defendant's belief in the facts alleged and her belief that those facts would entitle her to relief should not have been a surprise to Plaintiff, however, as the court denied summary judgment to Defendant on the basis that a jury could find there "were numerous false or misleading allegations in the PFS petition" and could find "that Defendant did not have a reasonable factual basis for alleging that Plaintiff engaged in those actions." (Doc. 270 at 19, 20.) That was precisely the theory on which this case was tried. Plaintiff presented evidence and argued on that issue, the court instructed on it, and the jury ultimately concluded that Plaintiff had not proven his claim. There was no error, prejudice, or unfair surprise in the manner this case was presented to the jury. The court finds no basis for a new trial in these or any of the other arguments raised by Plaintiff.[4]

### III. Conclusion

Plaintiff's motion for new trial (Doc. 390) is DENIED. IT IS SO ORDERED this 12th day of December, 2019.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[4] The court has considered and finds unpersuasive the additional arguments raised by Plaintiff in his motion. The court does not consider any new arguments raised by Plaintiff for the first time in his reply brief. *See United States v. Harrell,* 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for first time in a reply brief are waived.)