# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK HOLICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 16-cv-1188-JWB |
| | ) |
| JULIE BURKHART, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

Pursuant to D. Kan. Local R. 54.1(a)(2), Defendant Julie Burkhart submits the following memorandum in support of her Bill of Costs. As the prevailing party, Mrs. Burkhart seeks $68,348.09 in allowable costs from Plaintiff Mark Holick. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); D. Kan. Local R. 54.1.[1]

## BACKGROUND

This action involved tort claims brought by the plaintiff, Mark Holick, against the defendant, Julie Burkhart, arising out of a temporary order of protection that Mrs. Burkhart obtained in Kansas state court against Mr. Holick under Kansas's Protection From Stalking Act (the "PFS case"). Mr. Holick alleged that the allegations in Mrs. Burkhart's petition were false and that the filing of the PFS case constituted malicious prosecution, abuse of process, and defamation. ECF 1. He sought over $1 million in damages. *See, e.g.*, ECF 246. After several months of discovery, Mr. Holick voluntarily dismissed his defamation claim. ECF 66. After an additional nine months of discovery, the Court granted summary judgment to Mrs. Burkhart on

---

[1] On February 7, 2020, defense counsel contacted Plaintiff's counsel Donald McKinney and Martin Cannon via email to ask for their availability to confer over the Bill of Costs on February 10 or 11. As of the time of filing, defense counsel has not received a response. *See* D. Kan. Local R. 54.1(a)(2)(D).

Plaintiff's abuse of process claim, but denied summary judgment on Plaintiff's malicious prosecution claim. ECF 270. The malicious prosecution claim proceeded to a jury trial on September 30, 2019. Plaintiff called nine witnesses, including Mr. Holick and Mrs. Burkhart, and Mrs. Burkhart called two witnesses. After seven days of trial, on October 8, 2019, the jury rendered its unanimous verdict in favor of Mrs. Burkhart after a few hours of deliberations. The Court entered judgement for Defendant. ECF 386.

Mr. Holick moved for a new trial pursuant to Federal Rule of Civil Procedure 59 (ECF 390), which the Court denied on December 12, 2019 (ECF 394). Pursuant to Federal Rules of Appellate Procedure 4(a)(1)(A) and (4)(a)(4)(A)(v), any notice of appeal was due on January 13, 2020.[2] Mr. Holick did not file a notice of appeal. Mrs. Burkhart now timely files her Bill of Costs. *See* D. Kan. Local R. 54.1(a)(1)(A) (a bill of costs must be filed "within 30 days *after* . . . the expiration of time allowed for appeal of a final judgment or decree" (emphasis added)).

## LEGAL STANDARD

In a diversity case, federal law controls in regard to the assessment of costs. *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92 (10th Cir. 1988). Under federal law, "[c]osts are presumptively awarded to the prevailing party." *Dyer v. Unified Sch. Dist. No. 500*, 63 F. Supp. 3d 1326, 1328 (D. Kan. 2014); *see* 28 U.S.C. § 1920; Fed. R. Civ. P. 54. Denying costs to a prevailing party "is in the nature of a severe penalty," and "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995).

---

[2] Thirty days from December 12, 2019 fell on Saturday, January 11, 2020. Pursuant to Federal Rule of Appellate Procedure 26(a)(1)(C), Plaintiff's notice of appeal was due the following Monday, January 13, 2020.

Accordingly, the prevailing party bears the burden of proving only that the costs it seeks are authorized under Section 1920 and are "reasonable." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). "Once a prevailing party establishes its right to recover allowable costs, . . . the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id.* (internal quotation marks omitted). Under Section 1920, the Court may tax the following costs, among others:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses; [and]
> (4) Fees for exemplification and costs of making copies of any materials where the costs are necessarily obtained for use in the case[.]

28 U.S.C. § 1920.

## ARGUMENT

As detailed below, Mrs. Burkhart respectfully requests that the Court award reimbursement of the following costs listed in her Bill of Costs.

### I.     Fees of the Clerk and Marshal (Section 1920(1))

Mrs. Burkhart requests reimbursement of $202.03 for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). This request has two categories: $100 for *pro hac vice* admission fees, and $102.03 for trial subpoenas.

#### A.     *Pro Hac Vice* Fees

Pursuant to 28 U.S.C. § 1920(1), Mrs. Burkhart requests reimbursement of $100 for admitting two of her out-of-state trial counsel *pro hac vice*. *See, e.g.*, *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 663 (D. Kan. 2005) ("Pro hac vice fees are recoverable in the District of Kansas").

Like Mr. Holick, Mrs. Burkhart was represented at trial by out-of-state counsel. During the more than 2.5 years of active and highly contentious litigation, eight attorneys were granted *pro hac vice* admission on behalf of Defendant: John Hall, Jennifer Saulino, Marianne Kies, Julia Post, Elizabeth Saxe, Annie Wang, Amber Charles, and Amanda Humphreville. Each of these attorneys represented Mrs. Burkhart during depositions and/or at trial. And each paid $50 to be admitted *pro hac vice*. *See* ECF 29, 30, 135, 143, 144, 179, 278, 279. While Mrs. Burkhart is entitled to all of those costs, she asks that Mr. Holick be taxed with the *pro hac vice* admission fees of her two trial counsel, Mr. Hall and Ms. Saulino, totaling $100 ($50/admission x 2 attorneys).

### B.     Fees for Service of Summons and Subpoena

Mrs. Burkhart requests reimbursement of $102.03 for service of subpoenas on the following trial witnesses:

- $44.75 – Subpoena for David Hinners. **Ex. B**.
- $57.28 – Subpoena for John Pride. **Ex. C**.

Subpoena service costs are recoverable pursuant to 28 U.S.C. § 1920(1) ("Fees of the clerk and marshal"). Mrs. Burkhart incurred private process fees for service of the foregoing subpoenas. When the services of a private process server are used, the costs are recoverable up to the amount charged by the U.S. Marshal. *Seyler v. Burlington N. Santa Fe Corp.*, 2006 WL 3772312, at *2 (D. Kan. Dec. 20, 2006) ("[S]ervice fees to private process servers are generally taxable up to the amount that would have been incurred if the U.S. Marshal's office had effected service."). The current rate for the U.S. Marshal is $65. 28 C.F.R. § 0.114(3) ("For process served or executed personally - $65 per hour (or portion thereof) for each item served by one

4

U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses.").

## II. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in This Case (Section 1920(2))

Mrs. Burkhart requests reimbursement of $66,551.80 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This request has two categories: $30,531.45 for transcripts of Court proceedings, and $36,020.35 for depositions.

### A. Court Proceedings

Mrs. Burkhart seeks reimbursement of $30,531.45 for costs of transcripts of the following court proceedings:

- $1,141.00 – Transcripts of the two-day pretrial hearing on motions *in limine*, held on September 19 and September 20, 2019. **Ex. D**.

- $29,390.45 – Trial transcripts for the seven-day jury trial. **Ex. E**.

Fees for printed or electronically recorded transcripts must be "reasonably necessary to the litigation of the case." *See In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d at 1148 (internal quotation marks omitted). That determination is based not on hindsight, but on the facts and circumstances "at the time the cost was incurred." *Id.* (internal quotation marks omitted). "The standard is one of reasonableness." *Id.* Thus, "even if [materials or services] are ultimately not used to dispose of the matter, the district court can find necessity and award the recovery of costs." *Id.* (internal quotation marks omitted).

The pretrial and trial transcripts were reasonably necessary to Mrs. Burkhart's defense. The transcripts from the two-day pretrial hearing on motions *in limine* (ECF 360, 361) included important rulings and guidance from the Court on the scope of evidence allowed during trial. The rulings memorialized in the transcripts were regularly consulted by Mrs. Burkhart's counsel

5

during the course of the trial, which involved many complicated evidentiary issues that often related back to the Court's pretrial rulings and guidance.

The daily trial transcripts were likewise reasonably necessary to Mrs. Burkhart's successful defense. As noted, Mr. Holick called nine witnesses, most of whom had knowledge of one or more of the events alleged in the PFS case. Mr. Holick's case relied heavily upon eliciting highly detailed facts from these witnesses—relating to, *inter alia*, the precise location of various people at various times during the various events—all with the apparent purpose of attempting to show that certain, particular facts alleged by Mrs. Burkhart in the PFS case were wrong and/or false. Defense counsel reviewed the trial transcripts daily to prepare for the cross-examination of Mr. Holick's witnesses on the following day and to guide strategy for the direct examination of Mrs. Burkhart's witnesses. Moreover, quotes and content from the trial transcripts were incorporated in Mrs. Burkhart's directed verdict motion and her arguments on jury instructions. And the transcripts were necessary in the preparation of Mrs. Burkhart's closing argument slide deck. Simply put, this was no ordinary tort case. Daily transcript fees were reasonably necessary and should be reimbursed. *See, e.g.*, *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1079 (D. Kan. 2005) ("[T]his case was sufficiently lengthy, complex, and contentious that the court is persuaded that the cost of a daily transcript was reasonably necessary to [movant's] trial preparation."); *see also, e.g.*, *AGJunction LLC v. Agrian Inc.*, 2016 WL 3031088, at *4 (D. Kan. May 27, 2016) (citing cases approving cost recovery for expedited transcripts, and approving expedited daily transcripts for preliminary injunction hearing).

### B. Depositions

Mrs. Burkhart seeks reimbursement of $36,020.35 for costs associated with the following depositions taken in this litigation:

- $5,561.49 for the April 27, 2018 deposition of Plaintiff Mark Holick.

- o   $3,998.99 for the transcript.  **Ex. F**.

- o   $1,562.50 for the video.  **Ex. G**.

- $1,542.66 for the April 10, 2018 deposition of Defendant Julie Burkhart and April 5, 2018 deposition of third-party eyewitness Officer David Hinners, both noticed by Plaintiff and included in combined bills.

    - o   $1,203.91 for the transcripts.  **Ex. H**.

    - o   $338.75 for the videos.  **Ex. I**.

- $6,044.15 for the March 5, 2018 deposition of Robert Rotola, a third-party eyewitness who testified on behalf of Mr. Holick at trial.

    - o   $4,481.65 for the transcript.  **Ex. J**.

    - o   $1,562.50 for the video.  **Ex. K**.

- $5,339.30 for the March 6, 2018 deposition of John Pride, a third-party eyewitness who testified on behalf of Mr. Holick at trial.

    - o   $3,658.05 for the transcript.  **Ex. L**.

    - o   $1,681.25 for the video.  **Ex. M**.

- $3,691.20 for the March 7, 2018 deposition of Bruce Garren, a third-party eyewitness who testified on behalf of Mr. Holick at trial.

    - o   $2,653.70 for the transcript.  **Ex. N**.

    - o   $1,037.50 for the video.  **Ex. O**.

- $5,112.10 for the December 12, 2017 deposition of Mr. Holick's expert on attorney fees Craig Shultz.

    - o   $3,549.60 for the transcript.  **Ex. P**.

    - o   $1,562.50 for the video.  **Ex. Q**.

- $6,467.45 for the April 20, 2018 deposition of Mr. Holick's counsel, Donald McKinney.

    - o   $4,517.45 for the transcript.  **Ex. R**.

    - o   $1,950.00 for the video.  **Ex. S**.

- $2,262.00 in costs associated with *Plaintiff's counsel's* use of RealTime transcription service during the depositions of third-party witnesses Mr. Rotola ($939.25), Mr. Pride

($793.00), and Mr. Garren ($529.75).  **Exs. T**, **U**, and **V** (bills from PlanetDepos to Mr. McKinney for his use of RealTime).  Mr. McKinney refused to pay PlanetDepos for the RealTime service that he had chosen to use during the depositions, and PlanetDepos contacted defense counsel when Mr. McKinney's bills were long overdue.  On July 23, 2018, defense counsel sent a letter to Mr. McKinney stating that Mrs. Burkhart would foot Mr. McKinney's overdue bills but that Mrs. Burkhart would add them to her Bill of Costs at the conclusion of the litigation:

> [A]s a courtesy to PlanetDepos and the court reporter, rather than require them to continue to dispute your non-payment for their services rendered, Defendant has entered into an agreement with PlanetDepos to settle your outstanding bill.  The full amount paid to PlanetDepos for your use of RealTime—$2,262.00—will be added to any bill of costs submitted by Defendant at the resolution of this litigation.

**Ex. W**.

Mrs. Burkhart is entitled to recover costs from the transcription and videotaping of all the depositions listed above.  Here, each deposition transcript was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), as reflected by the fact that all of the witnesses who were deposed were featured in Mrs. Burkhart's summary judgment briefing (ECF 249, 269) and/or ultimately testified at trial.  *See, e.g.*, *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477–79 (10th Cir. 1997) (holding that "the district court did not abuse its discretion in concluding that both the videotapes and transcripts" of seven videotaped depositions were recoverable).[3]

---

[3] Plaintiff's counsel Mr. McKinney did not testify at trial.  However, his deposition addressed a key element of Plaintiff's claimed damages:  $150,000 in supposed attorney fees and costs incurred in the PFS case.  *Green Constr. Co. v. Kan. Power & Light Co.*, 153 F.R.D. 670, 677 (D. Kan. 1994) ("The trial court has great discretion to tax the cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself.").  Mrs. Burkhart also relied on Mr. McKinney's deposition in her summary judgment motion, to establish that Mr. McKinney unnecessarily prolonged the PFS

Moreover, Section 1920 "permits the taxation of costs for both a transcript and videotape [of a deposition] so long as both are necessarily obtained for use in the case." *Higgins v. Potter*, 2011 WL 3667097, at *3 (D. Kan. Aug. 22, 2011) (citing cases); *see also Tilton*, 115 F.3d at 1477–79. Indeed, the Tenth Circuit has concluded that "in most cases" both a transcript and a videotape will be "necessarily obtained for use in the case." *Tilton*, 115 F.3d at 1478. Here, it was necessary for Mrs. Burkhart to videotape both Mr. Holick's and Mr. McKinney's depositions to ensure that impeachment clips would be available for use at trial. *See Whitaker v. Trans Union Corp.*, 2006 WL 2574185, at *2 (D. Kan. Aug. 8, 2006) (holding "that videotaping the depositions of plaintiffs was reasonably necessary" because "Defendant saw indications in discovery that plaintiffs might testify inconsistently in deposition and at trial, and thought it necessary to preserve plaintiffs' appearance in deposition for the jury to review"). Videotaping the depositions of third-party witnesses (Mr. Hinners, Mr. Garren, Mr. Pride, and Mr. Rotola) was likewise necessary to ensure that video would be available to present to the jury in the event a witness did not testify at trial. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 ("[W]e do not 'employ the benefit of hindsight' in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case.").

## III.     Fees for Witnesses (Section 1920(3))

Mrs. Burkhart requests a reimbursement of $80 for expert witness fees. "A witness shall be paid an attendance fee of $40 per day for each day's attendance," including expert witnesses. 28 U.S.C. § 1821(b); *Ortega v. IBP, Inc.*, 883 F. Supp. 558, 563 (D. Kan. 1995) ("A prevailing party . . . may tax the $40.00 per day witness fee for the expert witness."). Paul McCausland

---

case and filed this case only to recover his attorney fees. Further, Mr. Holick relied on affidavits from Mr. Garren, Mr. Pride, and Mr. Rotola in his opposition to summary judgment. *See* ECF 259.

9

served as Mrs. Burkhart's rebuttal expert to Craig Shultz, Mr. Holick's expert on the reasonableness of attorney fees. With the Court's permission, Mr. McCausland attended trial on October 4, 2019 to observe the testimony of Mr. Shultz and ensure that he could properly address Mr. Shultz's testimony:

> MR. HALL: Your Honor, the defense would like to ensure that our witness, Paul McCausland, may be present in the courtroom during the testimony of plaintiff's expert, Mr. Shultz. . . .
>
> THE COURT: Is McCausland's testimony based on Shultz's testimony?
>
> MR. HALL: Yes, it is. They're both experts on the subject of the reasonableness of attorney's fees.
>
> THE COURT: That's fine.

ECF 374, Trial Tr. 1178:14–1179:3. Mr. McCausland then testified at trial on October 7, 2019. Because Mr. McCausland attended two days of trial, Mrs. Burkhart is entitled to a reimbursement of $80 ($40/day x 2 days) in expert witness fees.

### IV.  Fees for Exemplification and the Costs of Making Copies (Section 1920(4))

Mrs. Burkhart requests reimbursement of $1,514.26 for the costs of preparing necessary binders of exhibits for use at trial. *See* 28 U.S.C. § 1920(4) (allowing fees for the costs of making copies "necessarily obtained for use in the case"). This cost includes $368.19 for printing Mrs. Burkhart's exhibits for Mr. Holick's counsel prior to trial, and $1,146.07 for printing copies of all admitted exhibits on the last day of trial. Specifically:

- On September 22, 2019, Mrs. Burkhart provided copies of her exhibits to Mr. Holick's counsel pursuant to this Court's order, which she delivered on September 23, 2019 to Plaintiff's lead counsel Mr. McKinney. *See* ECF 314 at 2; ECF 361 at 9:7–8; *see also* **Ex. X** (email confirmation of delivery); **Ex. Y** (Sept. 30, 2019 invoice from copy vendor). This cost $368.19, comprised of:

10

- - o 851 black-and-white pages, at a cost of $0.125 per page,
    o 285 color pages, at a cost of $0.59 per page,
    o 154 numbered tabs, at a cost of $0.37 per tab,
    o 4 plasticoil bindings, at a cost of $2.75 per binding, and
    o $25.69 in taxes.
  - On the last day of trial, Mrs. Burkhart provided copies of all admitted exhibits. *See* ECF 379 at 1420–22; *see also* **Ex. Z** (Oct. 14, 2019 invoice from copy vendor). This cost $1,146.07, comprised of:
    o 954 black-and-white pages, at a cost of $0.125 per page,
    o 942 color pages, at a cost of $0.59 per page,
    o 552 numbered tabs, at a cost of $0.35 per tab,
    o 12 binders, at a cost of $16.49 per binder, and
    o $79.86 in taxes.

A chart depicting these costs, which were necessary and reasonable expenses, appears in the appended attorney declaration of Robert V. Eye. Mrs. Burkhart is entitled to a full recovery of these costs. *See Seyler v. Burlington N. Santa Fe Corp.*, 2006 WL 3772312, at *5–6 & n.8 (D. Kan. Dec. 20, 2006) (awarding $6,209.27 in copying costs and finding rates of $0.20/page for black-and-white copies and $1.50/page for color copies reasonable).

## CONCLUSION

For the foregoing reasons, Mrs. Burkhart respectfully requests that this Court award reimbursement of $68,348.09 in accordance with her Bill of Costs.

Dated: February 12, 2020                    Respectfully submitted,

/s/ *Robert V. Eye*

Robert V. Eye SC#10689
Robert V. Eye Law Office
4840 Bob Billings Pkwy, Suite 1010
Lawrence, Kansas 66049
785-234-4040
785-749-1202 (fax)

John E. Hall*
Jennifer L. Saulino*
Elizabeth A. Saxe*
Julia F. Post*
Marianne F. Kies*
Annie X. Wang*
Amanda A. Humphreville*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
(202) 662-6291 (fax)
jhall@cov.com
jsaulino@cov.com
esaxe@cov.com
jpost@cov.com
mkies@cov.com
awang@cov.com
ahumphreville@cov.com

*\*Admitted Pro Hac Vice*

*Counsel for Julie Burkhart*

12

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of February 2020, I electronically filed the foregoing and any exhibits with the clerk of court using the CM/ECF system, which will send a notice of electronic filing and a copy of the filing to all counsel of record.

      /s/ *Robert V. Eye*
      Robert V. Eye