## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK HOLICK,

       Plaintiff,

v.                                                        Case No. 16-1188-JWB

JULIE A. BURKHART,

       Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to retax costs. (Doc. 401.)  The motion is fully briefed and is ripe for decision.  (Docs. 402, 403, 404.)  For the reasons stated herein, the motion to retax costs is GRANTED IN PART and DENIED IN PART.

### I.  Procedural History

Plaintiff filed his initial complaint in June of 2016 alleging malicious prosecution, abuse of process, and defamation against Defendant. (Doc. 1.)  The claim for defamation was voluntarily dismissed (by omission from an amended complaint), and although Plaintiff later attempted to resurrect that claim, the court denied the attempt. (Doc. 196 at 16.)  The claim for abuse of process was dismissed by the court on summary judgment. (Doc. 270.)  The remaining claim, for malicious prosecution, was presented to a jury beginning September 30, 2019, and culminated in a verdict in Defendant's favor on October 8, 2019.  (Doc. 383.)  Judgment was entered the same day.  (Doc. 386.)

The litigation, which stemmed from a previous suit between the parties in state court, was contentious.  The parties filed a multitude of motions, including motions to quash, motions to compel, motions to dismiss, motions for summary judgment, objections to magistrate rulings,

motions to strike, motions in limine, motions to reconsider, and a motion for new trial.  Both sides occasionally engaged in what might be characterized as brass-knuckle litigation.  After the judgment was filed, Defendant filed a bill of costs in the amount of $68,348.09, including $66,551.80 for fees for transcripts necessarily obtained for use in the case.  (Doc. 395.)  Plaintiff objected.  (Doc. 397.)  The clerk taxed costs in the amount of $60,569.24, including an allowance of $58,772.95 for transcript costs.  (Doc. 400.)

Plaintiff moves to retax costs and advances a number of reasons why the costs assessed by the clerk should be eliminated or reduced: principles of equity weigh against the award; the case was a close and difficult one concerning an issue of public import; Defendant incurred no costs personally and it would be improper or a windfall to award her costs; Defendant is not entitled to the costs of daily transcripts; an award of costs is precluded by bad faith and obstruction; and the amount of costs is unreasonable and unnecessary.  (Doc. 401.)

**II.  Standards**

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be awarded to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The clerk may tax costs and the court may review the clerk's action upon the filing of a timely motion. (*Id.*)

Although the language of Rule 54 appears open-ended, "the Supreme Court has placed strict limits on what can be awarded."  *Stender v. Archstone-Smith Op. Trust,* 958 F.3d 938, 941 (10th Cir. 2020).   As recounted in *Stender,* two historical problems led Congress in 1853 to standardize allowable costs in federal suits: the "great diversity" in practice among the federal courts and the "exorbitant fees" imposed on losing litigants.  *Id.*  Congress thus passed a statute allowing only specific types and amounts of taxable items, the substance of which is now codified

at 28 U.S.C. §1920.  That statute enumerates six categories of costs that may be taxed: (1) clerk and marshal fees, (2) fees for "recorded transcripts necessarily obtained for use in the case," (3) expenses for printing and witnesses, (4) expenses for exemplification and necessary copies, (5) docket fees, and (6) compensation of interpreters and court-appointed experts. *Stender,* 958 F.3d at 941.  These taxable costs "are limited by statute and are modest in scope…." *Id.* (quoting *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560, 573 (2012).  Rule 54(d) does not grant discretion to tax whatever costs may seem appropriate.  Rather, it is limited by § 1920 and is not a separate source of power to tax.  "The discretion provided by Rule 54(d) is 'solely a power to decline to tax, as costs, the items enumerated in § 1920.'" *Id.* (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987)).

"Rule 54(d) creates a presumption that the prevailing party shall recover costs." *Bryan v. Sagamore Ins. Co.,* 618 F. App'x 423, 425 (10th Cir. 2015) (quoting *Klein v. Grynberg,* 44 F.3d 1497, 1506 (10th Cir. 1995)).  Once a prevailing party establishes its right to recover costs, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed.  *Id.* (citing *In re Williams Sec. Litig.-WCG Subclass,* 558 F.3d 1144, 1148 (10th Cir. 2009)). The district court must provide a valid reason for not awarding costs to a prevailing party. *Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2012,* 69 F.3d 456, 459 (10th Cir. 1995).  Certain circumstances justify a district court in exercising its discretion to deny otherwise recoverable costs, including when the prevailing party was only partially successful, when damages were only nominal, when the costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult.  *In re Williams,* 558 F.3d at 1150-51 (citation omitted.) Because a denial of costs is "in the nature of a severe penalty," there must be some apparent reason

to penalize the party if costs are to be denied.  *Debord v. Mercy Health Sys. of Kan., Inc.,* 737 F.3d 642, 659 (10th Cir. 2019) (citations omitted.)

## III.  Analysis

A.  <u>Fees of the clerk and marshal (28 U.S.C. § 1920(1))</u>.  The clerk taxed $100.00 for the clerk's fees and $102.03 for fees for service of summons and subpoenas.  Plaintiff has not specifically challenged these fees, although he argues that no costs should be assessed.  The court concludes these fees are properly assessed in favor of Defendant as the prevailing party.

B.  <u>Fees for printed or electronically recorded transcripts necessarily obtained for use in the case (28 U.S.C. § 1920(2))</u>.

i.  <u>Court hearings</u>.  The court concludes transcript fees for the *in limine* hearing (Doc. 396 at 5; $1,141.00) and daily copy for the jury trial (*id.*; $29,390.45) should not be taxed to Plaintiff.  Defendant contends these transcripts were necessarily obtained for use at trial, but her attempted showing of necessity is unpersuasive.  The fact that these transcripts were sometimes invoked or cited at trial is not dispositive; the question is whether they were *necessarily* obtained for use in the case.  The court is not persuaded that they were.  Defendant was represented by a veritable phalanx of attorneys and assistants both at the *in limine* hearing and at trial.  The defense should have had little difficulty tracking the court's rulings and the testimony of witnesses.  That observation is not a criticism of the defense – what litigant would not prefer to be represented by a team of professionals rather than by just one or two individuals?  But it weighs against the assertion that the daily copy transcripts were necessarily obtained for use in the case.  *See In re Williams*, 558 F.3d at 1149 (Section 1920 requires that the generation of taxable materials was reasonably necessary for use in the case at the time the expenses were incurred). In that regard, the court notes that the case did not involve an extraordinary number of witnesses or complex factual

4

scenarios. *Cf. Battenfeld of Am. Holding Co., Inc. v. Baird, Kurtz & Dobson,* 196 F.R.D. 613, 618 (D. Kan. 2000) (declining to tax costs for daily copy; "this case was neither so complex nor so lengthy as to justify imposing such 'special costs'"); *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.,* No. 09-2518-JAR, 2017 WL 2734588, at *3 (D. Kan. June 26, 2017) ("Of course, the daily transcripts were helpful, and of course counsel utilized them. But the Court cannot find that such use translates into necessity.  Instead, they were obtained for the convenience of counsel.")  The costs of these transcripts (totaling $30,531.45) will not be taxed to Plaintiff.

ii.  <u>Deposition transcripts</u>. The prevailing party may recover fees for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This does not authorize costs for materials obtained only for the convenience of counsel, but it does cover costs that are reasonably necessary to the litigation of the case. *See AgJunction LLC v. Agrian Inc.,* 2016 WL 3031088, *3 (D. Kan. May 27, 2016); *Feldt v. Kan-Du Constr. Corp.,* No. 6:12-CV-01064-JTM, 2016 WL 6432916, at *2 (D. Kan. Oct. 31, 2016).

Having reviewed Defendant's bill of costs and having considered these costs in light of the circumstances, the court concludes the fees taxed for deposition transcripts should be significantly reduced from the $36,020.35 billed by Defendant  First, this was a close and difficult case as to some issues, including the legal effect of prior litigation between the parties in state court under a relatively untested state stalking statute and how that litigation impacted or related to the malicious prosecution element of probable cause.  Second, depositions were previously conducted in the state litigation, which should have lessened the need or the scope of the depositions that were necessary in this case.  Moreover, the court notes Plaintiff has cited uncontroverted evidence that the deposition transcript costs sought to be taxed here significantly exceed ordinary market rates for similar services in this area.  Third, although the court has discretion to tax costs for both the

costs of a transcribed deposition and a video deposition, Defendant has made no persuasive showing of reasonable necessity for obtaining both transcript and video depositions in this particular case.  Fourth, Plaintiff has presented uncontroverted evidence that Defendant received financial assistance from public interest foundations and/or donors with respect to the legal expenses of this litigation.  Finally, Plaintiff has shown that he has incurred substantial health-related costs and has limited financial means with which to pay the costs of the litigation.

After considering the relevant factors, the court concludes Defendant's recovery of deposition costs should be limited as follows.  First, the witnesses whose deposition transcripts were necessarily obtained for use in the case will be limited to Plaintiff, Defendant, Donald McKinney, and Craig Shultz.  As noted previously, deposition costs in this case should have been significantly reduced by the fact that depositions of key witnesses were taken in the state case. The court will accordingly limit deposition costs to the four witnesses indicated above.  Second, Defendant has not sustained its burden of showing the necessity for both transcripts and videotaped depositions of the aforementioned witnesses, nor has Defendant shown that the charges submitted are consistent with customary rates for transcription services in this area.  Under the circumstances, the court will allow costs only for the less costly alternative of videotaped depositions of these witnesses, and will further reduce the taxable amount to reflect customary local rates for videotaped depositions, as shown by Plaintiff's exhibits.  Accordingly, the court determines the following deposition costs should be taxed to Plaintiff:  First, with respect to Plaintiff's deposition, the court finds a total of $747.50 should be taxed for a video deposition of 7.5 hours.[1]  (Doc. 396-8.) Second, for Defendant's video deposition, the court finds $338.75 should be taxed.  (Doc. 396-10.)  Third, for the deposition of Donald McKinney, the court finds a total of $890 (for 9 hours)

---

[1] Plaintiff cites evidence that the customary rate in this area for such depositions is $225 for the first two hours plus $95 per hour thereafter.  (Doc. 398 at 39.)

should be taxed.  (Doc. 396-20.)  Fourth, for the deposition of Craig Shultz, the court finds a total of $890 (for 9 hours) should be taxed.  Defendant has not shown that other charges, such as synchronization fees, were necessarily obtained for use in the case.  Nor has Defendant shown that Plaintiff bears responsibility for any real-time transcript obligations.  As such, the court finds the total amount to be taxed for deposition costs in the case is $2,866.25.

      C. <u>Fees for Witnesses</u>.    The clerk taxed $80.00 as a witness fee for the attendance at trial (for two days) of Defendant's expert Paul McCausland.  The court finds this fee is properly taxed to Plaintiff.

      D. <u>Fees for the costs of copies necessarily obtained for use in the case</u>.    The clerk taxed $1,514.26 for the costs of copies obtained by Defendant for use in the case.  Plaintiff argues no such costs should be taxed (among other reasons) because the costs were paid by Defendant's pro bono counsel.  Plaintiff cites no Tenth Circuit law, however, for denying costs on that basis, and the court finds none.  *Cf. Williams v. Genesis Fin. Techs., Inc*., No. 14-CV-03353-MSK-STV, 2018 WL 5118635, at *3 (D. Colo. Oct. 22, 2018) ("the Plaintiffs have not provided (and this Court has not independently located) any authority permitting costs to be denied on the grounds that the prevailing party was either advanced funds or indemnified for the costs in question.")  Nor does the court find it inequitable or a windfall for the costs to be paid to Defendant so that she may reimburse her counsel for necessary copies.  Section 1920 provides for taxation of fees for the costs of making copies necessarily obtained for use in the case.  Defendant has met her burden of showing that $1,514.26 is properly taxable under this category.

      E. <u>Additional arguments</u>. The court has considered the additional arguments advanced by the parties in their briefs.  Except to the extent such arguments are reflected in the above findings, the court rejects them.  For example, Defendant asserts that Plaintiff has conceded the clerk

properly applied the guidelines in the clerk's Bill of Costs Handbook and argues the court should therefore decline to review the costs.  (Doc. 403 at 1.)  Even if the clerk followed the handbook, that fact is separate and apart from the court's authority to exercise discretion under Rule 54.  *See In re Williams*, 558 F.3d at 1149 ("As the district court correctly noted, the clerk's guidelines do not purport to be an authoritative exposition of the costs allowable under applicable law and they are not binding on the district court.")  Plaintiff meanwhile asserts (among other things) that "bad faith and obstruction" by Defendant justifies a denial of all costs.  Plaintiff cites as examples Defense counsel having attended mediation without having authority to make a monetary settlement offer, Defendant producing unorganized documents in discovery, and Defendant's allegedly "persistent attempt to perpetrate a fraud on the Court by repeatedly urging that Plaintiff's counsel used 'real time' reporting services without paying for them, allegedly during three witness depositions." (Doc. 401 at 11-12.)  This latter dispute is unfortunately characteristic of the parties' antagonistic posturing in the case.  *See* Doc. 399 at 4 ("Put plainly, if there was any 'bad faith' in this case, it was the actions of Plaintiff and Mr. McKinney, not Mrs. Burkhart, who did nothing but defend herself … from baseless claims that apparently were never about anything other than recovering an unjustified fee award for Mr. McKinney….") and Doc.401 at 13 ("The general negativity and nasty innuendos in Burkhart's briefing demonstrate an ongoing spirit of bad faith.")  Regardless, these arguments provide no basis for denying costs.  To the extent Plaintiff may have incurred some increased costs arising from Defendant's actions in discovery matters or mediation, those are matters that should have been raised and addressed at the time they occurred.  They do not now warrant a denial of statutorily-authorized costs to Defendant as the prevailing party.  Similarly, the parties' dispute about whether Plaintiff's counsel did or did not request, accept, or

use real-time services at various depositions provides no basis for altering the findings previously made in this order.

The court determines in accordance with the foregoing findings that costs in the following amounts should be taxed against Plaintiff under 28 USC section 1920:

(1) Fees of the clerk and marshal:  $202.03.

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $2,866.25

(3) Fees and disbursements for printing and witnesses: $80.00.

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: $1,514.26

(5) Docket fees under section 1923 of this title:  None.

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title: None.

TOTAL COSTS:  $4,662.54

## IV.  Conclusion

Plaintiff's motion to retax costs (Doc. 401) is GRANTED IN PART and DENIED IN PART.  Costs in the amount of $4,662.14 are hereby taxed against Plaintiff and are included in the judgment.   IT IS SO ORDERED this 12th day of August, 2020.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE